249 N.J. Super. 18 (1991)
591 A.2d 1350
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARK WEARING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 6, 1991.
Decided June 10, 1991.
*20 Before Judges KING, R.S. COHEN and STERN.
Wilfredo Caraballo, Public Defender, attorney for appellant (J. Michael Blake, Assistant Deputy Public Defender, of counsel and on the brief and letter brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Jeffrey L. Weinstein, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant was indicted on eleven counts for various offenses, including possession with intent to distribute marijuana within 1,000 feet of school property, contrary to N.J.S.A. 2C:35-7, as embodied in count seven. Pursuant to a negotiated disposition, defendant pled guilty to count seven in exchange for a dismissal of the other counts and a municipal court complaint. The State also recommended that defendant be placed on probation for five years with 364 days to be spent in the Camden County Jail and service of 250 hours of community service. Consistent with the negotiated recommendation, defendant was placed on probation for five years conditioned upon service of 364 days in jail and completion of community service. A Demand Enforcement Reduction Penalty of $1,000, a lab fee of $50 and a V.C.C.B. penalty of $30 were also imposed. Defendant's license was revoked for six months  all consistent with the negotiated disposition. The plea form, signed by defendant and his attorney as well as the prosecutor, provided that the defendant further waived his right to appeal and that the "State is to waive mandatory 3 yr. minimum parole ineligibility *21 BUT only as to initial sentence. State reserves right to request [mandatory minimum] if defendant incurs VOP." In explaining the plea recommendation, the assistant prosecutor stated to the court:
This is also a negotiated plea agreement, Judge. In return for the defendant's plea of guilty to Count 7 of the indictment, charging him with possession of CDS with intent to distribute within a thousand feet from a school, that CDS being marijuana, the State has agreed at the time of sentencing to recommend 364 days in the county jail as a condition of five years probation. The State then is waiving its right to seek a mandatory minimum term of three years without parole. But the State is only doing this with regard to the initial sentencing. It's reserving its right that if the defendant comes back on a violation of probation, it could at that time request the mandatory minimum that it could have sought originally.... The defendant is to waive his right to appeal.
In explaining his understanding of the agreement, defense counsel stated that "I've also explained to Mr. Wearing the circumstances involving any violation of probation that might occur, ... which relates to the possibility of a sentence being imposed of five years, three years without parole should he violate his probation." Defendant himself indicated his understanding that if he violated probation "the Court would and could impose the same sentence that it could have imposed here today with reference to the three years of ineligibility for parole."
At sentencing on June 3, 1988, the prosecutor again explained the plea recommendation and further stated:
Judge, just to clear the record, the State is waiving its mandatory three-year minimum parole ineligibility just with regards to sentencing, but if the defendant does come back on a violation of probation, the State has not waived that mandatory minimum period of parole ineligibility.
Before imposing sentence, the judge noted "the recommendation of Probation that the defendant is not amenable to probation because of the nature of the offense" and that "... since this was a plea agreement, I'll make no findings with reference to aggravating or mitigating factors." Addressing the defendant, the judge said:

*22 Mr. Wearing, I'm going to give you the benefit of the doubt in this matter, because as you understand, if you violate any of the terms and conditions of probation, and are brought back here before the Court, the Court can at that time impose the same sentence it could have imposed here today, five years in New Jersey State's prison, three years without eligibility for the parole.
In completing his final remarks, the judge said:
But if you violate and come back before me, and are found guilty, you will at that time receive the sentence of five years in New Jersey State's Prison, three years without eligibility for parole.
Defendant again acknowledged that he understood.
On Friday, January 26, 1990, defendant, in essence, acknowledged that he had violated the conditions of his probation, although he had an explanation and asked for leniency. At the outset of the proceedings, the defendant himself again acknowledged that the court had advised him that if he violated the conditions he could be sent to prison for five years with three years before parole eligibility.
At the hearing, the question arose as to the required ineligibility term. The quantity of marijuana involved was never developed at the time of plea, nor does the presentence report fully develop the subject of quantity.[1] It is clear, however, that defendant pled guilty to third degree possession of marijuana with intent to distribute within 1,000 feet of a school, in violation of N.J.S.A. 2C:35-7, and the quantity of marijuana possessed for that purpose, while not relevant to the degree, is significant with respect to the required ineligibility term. The assistant prosecutor initially took the position that the mandatory ineligibility term would be "two and-a-half years as opposed to three years" (this was not the same assistant prosecutor who handled the plea), but later said that "[i]t is a third degree, *23 that's clear. So you can give him up to five years."[2] The prosecutor then went on to state that "the minimum period of parole ineligibility shall be fixed at between one third and one half of the sentence or a year, whichever is greater. So it would be, in this case, between one third and one half of whatever, of five years."
The defense counsel did not develop the issue because his position was that N.J.S.A. 2C:35-12 "doesn't authorize a partial waiver" and that the matter had to be reviewed with sentence imposed pursuant to State v. Baylass, 114 N.J. 169, 553 A.2d 326 (1989). Defense counsel indicated his view that "if the sentence you're going to impose is a state prison sentence that a flat three would be an appropriate sentence ... If the Court doesn't agree, I would think that no more than the presumptive term should be imposed." Defense counsel argued that under the three year sentence only a one year period of parole ineligibility should be imposed and at the most it could be eighteen months.
In imposing sentence on the violation, the judge stated:
I'm going to impose that sentence of five years because I find that you have violated the terms and conditions of probation. They are serious violations. There are some difficulties with reference to the sentence in this matter but I am going to order that you will serve two years of this sentence without eligibility for parole. I'll terminate all of the terms and conditions of probation.
On this appeal defendant argues:
POINT I N.J.S.A. 2C:35-12, WHICH PREVENTS THE JUDGE FROM AMELIORATING A MANDATORY SENTENCE WITHOUT THE PROSECUTOR'S CONSENT, VIOLATES THE DOCTRINE OF SEPARATION OF POWERS AND THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW. (U.S.CONST. ART. I, PAR. 1, ART. III, PAR. 1).
A. N.J.S.A. 2C:35-12 IS UNCONSTITUTIONAL.
B. N.J.S.A. 2C:35-12 CANNOT BE UTILIZED TO CIRCUMVENT THE SENTENCING GUIDELINES SET FORTH IN STATE V. BAYLASS, 114 N.J. *24 164 [169, 553 A.2d 326] (1989) AND STATE V. MOLINA, 114 N.J. 181 [553 A.2d 332] (1989).
POINT II THE IMPOSITION OF THE MAXIMUM SENTENCE AND A TWO YEAR PERIOD OF PAROLE INELIGIBILITY IS EXCESSIVE AND VIOLATIVE OF THE SENTENCING GUIDELINES SET FORTH IN STATE V. BAYLASS, 114 N.J. 169 [553 A.2d 326] (1989) AND STATE V. MOLINA, 114 N.J. 181 [553 A.2d 332] (1989).
A. IF THE SENTENCING COURT HAD NO DISCRETION TO NOT IMPOSE PAROLE INELIGIBILITY.
B. IF THE SENTENCING COURT EXERCISED DISCRETION TO IMPOSE PAROLE INELIGIBILITY.
POINT III THE "WITHIN 1,000 FEET OF ANY SCHOOL PROPERTY" PROVISION OF N.J.S.A. 2C:35-7 VIOLATES BOTH THE STATE AND FEDERAL CONSTITUTIONS FACIALLY AND AS APPLIED. (U.S.CONST. AMEND V, XIV; N.J. CONST. (1947), ART. I, PAR. 1) (NOT RAISED BELOW).
A. THE "WITHIN 1,000 FEET OF SCHOOL PROPERTY" PROVISION OF N.J.S.A. 2C:35-7 IS UNCONSTITUTIONALLY VAGUE ON ITS FACE AND AS APPLIED HEREIN.
B. THIS COURT SHOULD RENDER N.J.S.A. 2C:35-7 CONSTITUTIONAL BY LIMITING THE REACH OF THE STATUTE TO OFFENSES THAT OCCUR WITHIN SCHOOLS OR ON SCHOOL PROPERTY WHEN SCHOOL IS IN SESSION AND CHILDREN ARE PRESENT.
C. APPLICATION OF N.J.S.A. 2C:35-7 TO THE CASE AT BAR DENIED DEFENDANT DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS.
1. DEFENDANT WAS DENIED HIS RIGHT TO DUE PROCESS OF LAW (U.S.CONST., AMEND. XIV AND N.J.CONST. (1947) ART. I, PAR. 1).
2. DEFENDANT HAS BEEN DENIED HIS RIGHT TO EQUAL PROTECTION OF THE LAW. (U.S.CONST. AMEND. XIV AND N.J.CONST. (1947) ART. I, PAR. 1).
POINT IV N.J.S.A. 2C:35-15, WHICH PROVIDES FOR MANDATORY DRUG ENFORCEMENT AND DEMAND REDUCTION PENALTIES TO BE IMPOSED ON ALL PERSONS CONVICTED OF OFFENSES ENUMERATED IN THE COMPREHENSIVE DRUG REFORM ACT OF 1986, N.J.S.A. 2C:35-15 ET SEQ., VIOLATES THE DEFENDANT'S RIGHT TO EQUAL PROTECTION AND DUE PROCESS AND IS CRUEL AND UNUSUAL PUNISHMENT, (U.S.CONST. AMEND VIII, XIV), AND VIOLATES THE STATE CONSTITUTIONAL PROHIBITION OF EXCESSIVE FINES (N.J. CONST. (1947) ART. I, PAR. 12). (NOT RAISED BELOW).
POINT V THE COURT ERRED IN DIRECTING THAT IF DEFENDANT EVER APPLIED FOR A DRIVER'S LICENSE, IT WOULD BE SUSPENDED FOR A PERIOD OF SIX MONTHS. (NOT RAISED BELOW).
We summarily reject Points I-A, III, and IV. R. 2:11-3(e)(2). While not addressing the issue, we note that defendant expressly waived his right to appeal at the time of the negotiated *25 disposition pursuant to N.J.S.A. 2C:35-12. See R. 3:9-3(d). Further, and independent of whether a guilty plea waives consideration of these issues, see e.g. State v. Carey, 230 N.J. Super. 402, 405, n. 1, 553 A.2d 844 (App.Div. 1989); State v. Robinson, 224 N.J. Super. 495, 540 A.2d 1313 (App.Div. 1988), we note serious reservations about whether a defendant can raise these contentions after having expressly waived his right to appeal at the time of plea, or can challenge the constitutionality of N.J.S.A. 2C:35-12 following imposition of a sentence pursuant to a negotiated disposition under that statute. As to the other issues, see also e.g. State v. Gonzalez, 241 N.J. Super. 92, 95-96, 99, 574 A.2d 487 (App.Div. 1990), rev. on appeal as to sentence, 123 N.J. 462, 588 A.2d 816 (1991), and certif. denied on other issues, 122 N.J. 400, 585 A.2d 399 (1990); State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990); State v. Anaya, 238 N.J. Super. 31, 39-40, 568 A.2d 1208 (App.Div. 1990); State v. Ogar, 229 N.J. Super. 459, 551 A.2d 1037 (App.Div. 1989); State in the Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988), certif. denied 114 N.J. 485, 555 A.2d 609 (1989), rejecting the contentions raised in these points.
In State v. Ervin, 241 N.J. Super. 458, 575 A.2d 491 (App.Div. 1989), certif. denied 121 N.J. 634, 583 A.2d 328 (1990), we held that, generally, a trial judge is not bound by the prosecutor's initial sentence recommendation after a defendant is placed on probation and violates the conditions thereof, at least when the defendant is told at the time of plea and sentencing of the fact that he can be resentenced subject to the statutory maximum after any violation of probation. In this case, defendant was resentenced to the five year maximum sentence, a specific term challenged by defendant independent of any requirement with respect to the mandatory ineligibility term. While the ineligibility term actually controls the "real time" defendant must serve, see State v. Richardson, 208 N.J. Super. 399, 413-414, 506 A.2d 43 (App.Div. 1986), certif. denied 105 N.J. 552, 523 A.2d 188 (1986); see also Richardson v. Nickolopoulos, 110 N.J. 241, 250, 540 A.2d 1246 (1988), we must consider the propriety of the *26 specific term imposed, and the length of the ineligibility term depends upon the specific term or quantity of marijuana involved.
In this case it was crystal clear that the prosecutor's recommendation was for purposes of initial sentencing only, and the agreement made clear that if defendant violated the conditions of his probation he would have to receive the mandatory sentence. Cf. State v. Todd, supra. We do not hold that Todd, N.J.S.A. 2C:35-7 or N.J.S.A. 2C:35-12 necessarily prohibit a sentence other than the mandatory minimum on the violation of probation. That may well depend on the nature and scope of the waiver at the time of plea. We hold only that a defendant properly advised at the time of plea and sentencing about his maximum exposure and mandatory ineligibility term upon violation of probation must receive the ineligibility term on the violation.[3] We further hold that State v. Molina, 114 N.J. 181, 553 A.2d 332 (1989), and State v. Baylass, 114 N.J. 169, 553 A.2d 326 (1989), do not apply with respect to a mandatory ineligibility term. The rationale of Baylass and Molina should be utilized with respect to setting the specific term sentence on which the ineligibility term shall be based and in determining the quantum of the required period of ineligibility.
The difficulty in this case, however, is caused by the lack of clarity regarding the duration of the mandatory sentence in the absence of any record establishing the quantity of *27 marijuana possessed with intent to distribute. Any possession with intent to distribute within a school zone under N.J.S.A. 2C:35-7 is a third degree crime; the quantity does not make a difference with respect to the degree of crime thereunder, as it does with respect to possession with intent to distribute under N.J.S.A. 2C:35-5. See N.J.S.A. 2C:35-5b(10), (11), (12). But the quantity is significant with respect to the mandatory ineligibility term required for a marijuana crime under N.J.S.A. 2C:35-7 and should have been established at the time of plea. See State v. Selvaggio, 206 N.J. Super. 328, 502 A.2d 1142 (App.Div. 1985). N.J.S.A. 2C:35-7, the school zone prohibition, creates a third degree crime and further provides that:
Where the violation involves less than one ounce of marijuana, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or one year, whichever is greater, during which defendant shall be ineligible for parole. In all other cases, the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole.
Nowhere in this record is the quantity of marijuana established or acknowledged, and defendant's argument before us is premised on the fact that he possessed less than one ounce. In fact, the prosecutor seems to have acknowledged that at the time of the violation of probation when he appears to have raised the question regarding the length of the mandatory minimum. If defendant possessed with intent to distribute less than one ounce of marijuana, the mandatory minimum term had to be "fixed at, or between, one-third and one-half of the sentence imposed, or one year, whichever is greater," but if it was greater than one ounce of marijuana, the required ineligibility term had to be fixed at between one-third and one-half of the sentence or three years, whichever is greater.
Irrespective of the required ineligibility term, the trial judge had an obligation to impose a specific sentence, and that is true even if an ineligibility term of three years was required. Here, the trial judge imposed a specific term sentence of five years *28 without regard to any aggravating or mitigating factors and without regard to Baylass-Molina criteria. The judge also seemed to believe that the ineligibility term of three years was required. If this case deals with less than one ounce of marijuana, which might be the case as a matter of law because of the absence of any allegation in the indictment of any greater quantity, see State v. D'Amato, 218 N.J. Super. 595, 528 A.2d 928 (App.Div. 1987), certif. denied 110 N.J. 170, 540 A.2d 169 (1988); State v. Catlow, 206 N.J. Super. 186, 502 A.2d 48 (App.Div. 1985), certif. denied 103 N.J. 465, 511 A.2d 648 and 103 N.J. 466, 511 A.2d 648 (1986), the mandatory ineligibility term (of between one-third and one-half or one year, whichever is greater) will turn on the specific term sentence imposed. Accordingly, while State v. Baylass and State v. Molina do not control in this context with respect to whether a period of parole ineligibility can be imposed, we must remand for a determination of the specific term sentence based on consideration of the aggravating and mitigating factors and a determination of the appropriate ineligibility term based on that sentence and the quantity of marijuana involved. See also State v. Towey, 114 N.J. 69, 76-85, 552 A.2d 994 (1989), appeal after remand 244 N.J. Super. 582, 583 A.2d 352 (App.Div. 1990), certif. denied 122 N.J. 159, 584 A.2d 226 (1990).[4]
On the original sentence the judge stated "[i]f you ever make an application for a driving privilege ... your privilege will be suspended for a period of at least six months." At the time of the sentencing on the violation of probation, the "six month revocation of driving privileges" was continued, although the suspension was not embodied in the judgment. We note that the period of forfeiture of driving privileges must "commence on the day the sentence is imposed" unless the license was then *29 "under revocation, suspension or postponement for a violation of" title 2C or title 39. See N.J.S.A. 2C:35-16. The period of suspension, and credit for any prior suspension incident to the original sentence, must be clarified on the remand.
Remanded for further proceedings consistent with this opinion.
R.S. COHEN, J.A.D., (concurring and dissenting).
In State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990), we held that N.J.S.A. 2C:35-12 did not offend separation-of-powers principles in plea-bargain cases. We did so on the thesis that, despite the prosecutor's statutory authority to grant or refuse waiver of a mandatory term as part of a plea agreement, the sentencing court retained the ultimate option to decline the plea agreement and force the parties to trial or to a different agreement.
If the retention of the ultimate sentencing judgment is constitutionally necessary, the prosecutor's "initial-plea-only" waiver cannot be sanctioned. It leaves the court disposing of a probation violation with no choice but to impose a substantial mandatory minimum term for what might be a minor transgression. The ultimate option of turning down a plea agreement is no longer available.
A sentencing on a violation of probation is very like the sentencings discussed in State v. Yucel Cengiz, 241 N.J. Super. 482, 575 A.2d 504 (App.Div. 1990), and State v. Alvarez, 246 N.J. Super. 137, 586 A.2d 1332 (App.Div. 1991). Whatever precise formula for judicial review may be appropriate, courts cannot simply bow to a prosecutor's possibly arbitrary, discriminatory, or disproportionate sentencing decision. Subjecting a defendant, who a prosecutor found suitable for probation after a review of relevant law enforcement concerns, to a mandatory minimum sentence on a minor violation of probation is grotesque. It runs directly against the spirit and letter of State v. *30 Baylass, 114 N.J. 169, 553 A.2d 326 (1989), and State v. Molina, 114 N.J. 181, 553 A.2d 332 (1989).
The grant or withholding of waiver at initial sentencing exhausts any legitimate law enforcement purposes for which the prosecutor is given the N.J.S.A. 2C:35-12 authority. Those law enforcement purposes are not revived by a probation violation.
The "initial-plea-only" waiver is a product of the Sword of Damocles school of sentencing, which employs the threat of disproportionate response to minor future missteps as a control tool. It is a school accredited neither by the Criminal Code nor by considerations of proportionality and fundamental fairness. The threat is not legitimated by advising defendant of its menace.
Defendant was given a good break in his original sentence bargain. It is a long way, however, from probation with 364 days' incarceration to a substantial mandatory term in prison, especially where defendant's violation of probation was his failure to report and to pay monetary sanctions, and perform community service. "I told you so" is an insufficient basis for such a disproportionate response.
I would remand for resentencing without any prosecutor-imposed mandatory minimum term. In all other respects I concur with the majority.
NOTES
[1] Quantity is relevant to the classification of degree of possession of marijuana with intent to distribute under N.J.S.A. 2C:35-5a, b(10), (11), (12), and possession of marijuana, N.J.S.A. 2C:35-10a(3), (4), but not possession of that substance with intent to distribute within a school zone, N.J.S.A. 2C:35-7. Under N.J.S.A. 2C:35-7, the quantity is significant with respect to the required ineligibility term.
[2] It may be that the original statement attributed to the assistant prosecutor was, in fact, defense counsel, because there are other statements which appear incorrect as to attribution in the transcript.
[3] In light of the dissent we note that, despite the detailed statements at the time of plea, the ineligibility term flows from the statutory requirement, not from the exercise of prosecutorial discretion. Compare, State v. Warren, 115 N.J. 433, 558 A.2d 1312 (1989). We point to the extensive comments at the time of plea because of due process concerns. However, we need not decide if there may be circumstances in which a defendant may be permitted to withdraw his initial plea upon a violation of probation because his maximum exposure and application of the mandatory minimum upon violation of probation were not developed at the time of plea, and the prosecutor's waiver was for purposes of initial sentencing only. Cf. State v. Kovack, 91 N.J. 476, 453 A.2d 521 (1982).
[4] We do not address any issue which might arise with respect to the impact of any mistake made at the time of plea in terms of explaining the length of the required ineligibility term. See e.g., State v. Taylor, 80 N.J. 353, 360-367, 403 A.2d 889 (1979).