250 N.J. Super. 457 (1991)
595 A.2d 520
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAYMOND VASQUEZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1991.
Decided June 21, 1991.
*458 Before Judges GAULKIN, SHEBELL and SKILLMAN.
J. Michael Blake, Assistant Deputy Public Defender, argued the cause for appellant (Wilfredo Caraballo, Public Defender, attorney).
Robert E. Bonpietro, Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney).
PER CURIAM.
Defendant Raymond Vasquez pleaded guilty to possession of cocaine with intent to distribute within 1000 feet of school property (N.J.S.A. 2C:35-7) pursuant to a plea agreement that the three-year parole ineligibility term fixed by N.J.S.A. 2C:35-7 would be waived (N.J.S.A. 2C:35-12) and a probationary term within 364 days in the county jail would be imposed. As recited by the prosecutor at the plea, the agreement also contemplated that "should Mr. Vasquez come back before this court on a *459 violation of probation, the State would not waive at that time the mandatory sentencing provisions of 2C:35-7." Vasquez was then sentenced to a five-year probationary term with conditions that he serve 364 days in the county jail and perform 500 hours of community service; he was also assessed a $1000 DEDR penalty, a $50 forensic lab fee and a $30 VCCB penalty.
Approximately 20 months later, Vasquez pleaded guilty to violation of his probation by failing to report, failing to complete his community service and failing to abstain from illegal drug use. Noting that "the period of parole ineligibility was initially waived for the initial plea only," the judge imposed a four-year custodial term with three years of parole ineligibility. Vasquez appeals from the judgment thereupon entered, urging:
POINT I.

N.J.S.A. 2C:35-12, which prevents the judge from ameliorating a mandatory sentence without the prosecutor's consent, violates the doctrine of separation of powers and the defendant's right to due process of law (U.S. Const. Amend. XIV; N.J.Const. Art. 1, Par. 1; Art. III, Par. 1).
A. N.J.S.A. 2C:35-12 is unconstitutional.
B. N.J.S.A. 2C:35-12 cannot be utilized to circumvent the sentencing guidelines set forth in State v. Baylass, 114 N.J. [169] [553 A.2d 326] (1989) and State v. Molina, 114 N.J. 181 [553 A.2d 332] (1989). (Not raised below).
POINT II.
The "within 1,000 feet of any school property" provision of N.J.S.A. 2C:35-7 violates both the state and federal constitutions facially and as applied (U.S. Const. Amend. V, XIV; N.J.Const. (1947) Art. I, Par. 1). (Not raised below).
A. The "within 1,000 feet of school property" provision of N.J.S.A. 2C:35-7 is unconstitutionally vague on its face and as applied herein.
B. This court should render N.J.S.A. 2C:35-7 constitutional by limiting the reach of the statute to offenses that occur within schools or on school property when school is in session and children are present.
C. Application of N.J.S.A. 2C:35-7 to the case at bar denied defendant due process of law and equal protection of the law under the state and federal constitutions.
1. Defendant was denied his right to due process of law (U.S. Const., Amend. XIV and N.J.Const. (1947) Art. I, Par. 1).
2. Defendant has been denied his right to equal protection of the law (U.S. Const. Amend. XIV and N.J.Const. (1947) Art. I, Par. 1).
POINT III.

N.J.S.A. 2C:35-15, which provides for mandatory drug enforcement and demand reduction penalties to be imposed on all persons convicted of offenses *460 enumerated in the Comprehensive Drug Reform Act of 1986, N.J.S.A. 2C:35-15 et seq., violates the defendant's rights to equal protection and due process and is cruel and unusual punishment, (U.S. Const. Amend. VIII, XIV), and violates the state constitutional prohibition of excessive fines (N.J.Const. (1947) Art. I, Par. 12). (Not raised below).
The Point II and Point III contentions are clearly without merit. R. 2:11-3(e)(2); State v. Gonzalez, 241 N.J. Super. 92, 574 A.2d 487 (App.Div. 1990), rev'd. in part on other grounds, 123 N.J. 462, 588 A.2d 816 (1991); State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990); State v. Anaya, 238 N.J. Super. 31, 568 A.2d 1208 (App.Div. 1990); State v. Ogar, 229 N.J. Super. 459, 551 A.2d 1037 (App.Div. 1989); State in Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988). We find merit, however, in the argument advanced under Point IB.
The facts here essentially mirror those in State v. Wearing, 249 N.J. Super. 18, 591 A.2d 1350 (App.Div. 1991). In that case, the defendant pleaded guilty to a violation of N.J.S.A. 2C:35-7 pursuant to a plea agreement that the mandatory three-year parole ineligibility term would be waived and that a probationary sentence would be imposed. The prosecutor recited that "the State is only doing this with regard to the initial sentencing" and that "if the defendant comes back on a violation of probation, it could at that time request the mandatory minimum that it could have sought originally." The probationary sentence was imposed, the defendant subsequently violated his probation, the prosecutor insisted on the imposition of the mandatory parole ineligibility term and the trial judge complied.
On appeal, the defendant urged, as Vasquez does here, that "N.J.S.A. 2C:35-12 cannot be utilized to circumvent the sentencing guidelines set forth in State v. Baylass, 114 N.J. [169, 553 A.2d 326] (1989) and State v. Molina, 114 N.J. 181, 553 A.2d 332 (1989)." This court, through Judge Stern, rejected the argument, holding that

*461 a defendant properly advised at the time of plea and sentencing about his maximum exposure and mandatory ineligibility term upon violation of probation must receive the ineligibility term on the violation.
249 N.J. Super. at 26, 591 A.2d at 1354.
Judge Cohen, however, dissented from that holding, expressing the view that
[t]he grant or withholding of waiver at initial sentencing exhausts any legitimate law enforcement purposes for which the prosecutor is given the N.J.S.A. 2C:35-12 authority. Those law enforcement purposes are not revived by a probation violation.
(Cohen, J.A.D., concurring and dissenting, 249 N.J. Super. at 30, 591 A.2d at 1356).
We need not review or restate the arguments advanced in the Wearing opinions in support of those contrary conclusions. Suffice it to say that we are in substantial agreement with the dissenting view expressed by Judge Cohen. Accordingly, we hold that Vasquez is entitled to be resentenced on the probation violation in accordance with the standards set forth in Baylass and Molina and without any mandatory period of parole ineligibility under N.J.S.A. 2C:35-7. We thus need not address the argument advanced in Point IA of Vasquez's brief.
The matter is remanded to the Law Division for resentencing consistent with this opinion.