253 N.J. Super. 197 (1991)
601 A.2d 714
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANCISCO SANTIAGO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 2, 1991.
Decided December 24, 1991.
*199 Before Judges J.H. COLEMAN and STERN.
Wilfredo Caraballo, Public Defender, attorney for appellant (Joan D. Van Pelt, Deputy Public Defender, of counsel and on the brief).
Edward F. Borden, Jr., Camden County Prosecutor, attorney for respondent (Harry S. Collins, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant pled guilty to possession with intent to distribute cocaine within 1,000 feet of school property, N.J.S.A. 2C:35-7, and was sentenced to four years in the custody of the Commissioner of Corrections with three years to be served before parole eligibility. A mandatory $1,000 D.E.D.R. penalty, $50.00 lab fee and $30.00 V.C.C.B. penalty were also imposed, and defendant's driver's license was suspended for six months.
On this appeal defendant argues:
POINT I THE "WITHIN 1,000 FEET OF ANY SCHOOL PROPERTY" PROVISION OF N.J.S.A. 2C:35-7 VIOLATES BOTH THE STATE AND FEDERAL CONSTITUTIONS FACIALLY AND AS APPLIED (U.S. CONST. AMEND. V, XIV; N.J. CONST. (1947) ART. I, PAR. 1) (Not Raised Below).
A. The "Within 1,000 Feet of School Property" Provision of N.J.S.A. 2C:35-7 Is Unconstitutionally Vague On Its Face And As Applied Herein.
B. This Court Should Render N.J.S.A. 2C:35-7 Constitutional By Limiting The Reach Of the Statute To Offenses That Occur Within Schools Or On School Property When School Is In Session And Children Are Present.
C. Application of N.J.S.A. 2C:35-7 To the Case At Bar Denied Defendant Due Process Of Law And Equal Protection Of The Law Under The State And Federal Constitutions.
1. Defendant Was Denied His Right To Due Process of Law (U.S. Const. Amend. XIV and N.J. Const. (1947) Art. I, par. 1).
2. Defendant Has Been Denied His Right To Equal Protection Of The Law (U.S. Const. Amend. XIV and N.J. Const. (1947) Art. I, Par. 1).

*200 POINT II THE AUTOMATIC IMPOSITION OF A PERIOD OF PAROLE INELIGIBILITY DUE TO DEFENDANT'S FAILURE TO APPEAR IN COURT FOR SENTENCING IS ILLEGAL AND VIOLATIVE OF THE CODE OF CRIMINAL JUSTICE.
POINT III N.J.S.A. 2C:35-12, WHICH PREVENTS THE JUDGE FROM AMELIORATING A MANDATORY SENTENCE WITHOUT THE PROSECUTOR'S CONSENT, VIOLATES THE DOCTRINE OF SEPARATION OF POWERS AND THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW. (U.S. CONST. AMEND. XIV; N.J. CONST. ART. 1, PAR. 1; ART. III, PAR. 1).
POINT IV N.J.S.A. 2C:35-12, WHICH PROVIDES FOR MANDATORY DRUG ENFORCEMENT AND DEMAND REDUCTION PENALTIES TO BE IMPOSED ON ALL PERSONS CONVICTED OF OFFENSES ENUMERATED IN THE COMPREHENSIVE DRUG REFORM ACT OF 1986, N.J.S.A. 2C:35-15 ET SEQ., VIOLATES THE DEFENDANT'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS AND IS CRUEL AND UNUSUAL PUNISHMENT, (U.S. CONST. AMEND VIII, XIV), AND VIOLATES THE STATE CONSTITUTIONAL PROHIBITION OF EXCESSIVE FINES (N.J. CONST. (1947) ART. 1, PAR. 12). (Not Raised Below).
We note that defendant expressly waived his right of appeal at the time of plea. Without addressing the impact of that fact in the absence of the State's attempt to annul the plea, see R. 3:9-3(d), we summarily reject the points asserted in Points I and IV. See e.g. State v. Gonzalez, 241 N.J. Super. 92, 95-96, 99, 574 A.2d 487 (App.Div. 1990), rev. on appeal as to sentence, 123 N.J. 462, 588 A.2d 816 (1991), and certif. denied on other issues, 122 N.J. 400, 585 A.2d 399 (1990); State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990); State v. Anaya, 238 N.J. Super. 31, 39-40, 568 A.2d 1208 (App.Div. 1990); State v. Ogar, 229 N.J. Super. 459, 551 A.2d 1037 (App.Div. 1989); State in Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988), certif. denied 114 N.J. 485, 555 A.2d 609 (1989), rejecting the contentions raised in these points.
We address the remaining points because they relate to sentencing, notwithstanding the specifics of the plea agreement. See and compare, e.g., State v. Robinson, 224 N.J. Super. 495, 498, 540 A.2d 1313 (App.Div. 1988).
In Point II of defendant's brief, defendant argues that "the automatic imposition of a period of parole ineligibility due *201 to defendant's failure to appear in court for sentencing is illegal and violative of [the] Code of Criminal Justice."
At the time of the plea the assistant prosecutor explained that the State recommended a three year probationary sentence with 364 days to be served in the county jail as a condition of probation with mandatory fines and penalties and defendant's waiver of his right to appeal. The assistant prosecutor thereafter said:
The only other thing that makes this a little different, Judge, is that this plea agreement is contingent on no prior indictable convictions and the defendant has requested OR bail pending sentence. The State has agreed to give him that with the understanding that we're making this recommendation only for the purposes of this plea, but if he doesn't show up for the sentencing his guilty plea will stand and there would be no recommendation as to sentence and also if he incurs a subsequent violation of probation. This recommendation's only for this plea.
Defendant indicated to the court that he understood the maximum penalty for the offense was five years imprisonment with a mandatory three year ineligibility term. The transcript also shows the following colloquy by the court and defendant:
Q. All right. Now, do you understand, Mr. Santiago, that if you don't show up on the day for sentencing that your guilty plea today will stand, you can't change that, but the sentence recommendation of the State, 364 days in the county jail and probation, that no longer applies to you? Do you understand that if you don't show up?
A. Yeah, I understand.
Q. And what does it mean? What can I give you?
A. I believe it's three years.
Q. Five, serve three.
A. Oh.
Q. Right? Three years before you're eligible for parole. Do you understand that?
A. Um-hum. Yes, sir.
The transcript further reflects that the plea agreement was not that if defendant did not appear the court would have the discretion to impose any sentence (with a continuing waiver of a mandatory ineligibility term). Rather, the agreement was that if defendant did not appear for sentencing the judge could impose any lawful sentence, which would require a three year period of parole ineligibility under the statute, N.J.S.A. 2C:35-7.
*202 Defendant argues that the negotiated plea was illegal. He notes, and properly so, that in State v. Wilson, 206 N.J. Super. 182, 502 A.2d 46 (App.Div. 1985), we held that defendant could not be given an enhanced sentence merely because he did not appear for sentencing.[1]
Wilson is distinguishable because it did not involve N.J.S.A. 2C:35-7 or 2C:35-12 which would literally make the sentence lawful, either because of the agreement for a mandatory sentence if defendant did not appear, or because a mandatory sentence was required as no agreement regarding sentence survived the non-appearance. Cf. State v. Wearing, 249 N.J. Super. 18, 591 A.2d 1350 (App.Div. 1991); but see State v. Vasquez, 250 N.J. Super. 457, 595 A.2d 520 (App.Div. 1991). A legal sentence is one authorized by the Legislature, and the only authorized sentence for a 2C:35-7 violation requires the mandatory ineligibility term  except and only to the extent the prosecutor recommends otherwise under N.J.S.A. 2C:35-12 and the judge accepts the recommendation. See State v. Todd, supra. See also State v. Wearing, supra; compare State v. Vasquez, supra.
We are satisfied that the decision in this case is controlled by the principal holding in our recent decision in State v. Shaw, 253 N.J. Super. 187, 601 A.2d 709 (App.Div. 1991). Shaw involved a plea agreement under N.J.S.A. 2C:35-12 conditioned on defendant's timely appearance for sentence and held "that a prosecutor may not condition a § 12 plea agreement on defendant's appearance at sentencing." 253 N.J. Super. at 195, 601 A.2d 709. The Shaw court exercised its original jurisdiction and imposed a sentence consistent with the original recommendation embodied in the plea agreement. See 253 N.J. Super. at 195, 601 A.2d 709. See also State v. Martines, 252 N.J. Super. 404, 599 A.2d 1289 (App.Div. 1991).
*203 We respectfully disagree with that remedy. Under N.J.S.A. 2C:35-12, that sentence could be imposed only upon the prosecutor's recommendation, and his recommendation did not survive the non-appearance. See State v. Wearing; compare State v. Vasquez, supra. We therefore believe that the proper remedy is to permit the parties to renegotiate the plea agreement or for the defendant to withdraw the plea which should not have been initially accepted. Cf. State v. Kovack, 91 N.J. 476, 453 A.2d 521 (1982). We are satisfied that a defendant cannot obtain the benefit of his bargain while dishonoring his commitment leading to the recommendation. Cf. State v. Wearing, supra.[2]
If the prosecutor cannot "condition a § 12 plea agreement on defendant's appearance at sentencing," as held in Shaw, 253 N.J. Super. at 195, 601 A.2d 709, the remedy must be addressed to the plea agreement.
We remand for further proceedings consistent with this opinion at which time defendant may renegotiate or withdraw his plea. We do not retain jurisdiction.
NOTES
[1] The Wilson court amended the sentence and did not give the defendant an opportunity to withdraw his plea.
[2] If N.J.S.A. 2C:35-12 is unconstitutional, as suggested by Judge Shebell in his Shaw concurrence, the remedy might require imposition of the mandatory sentence under N.J.S.A. 2C:35-7, not imposition of the sentence negotiated under the unconstitutional statute. But see State v. Shaw, supra, (Shebell, J.A.D., concurring).