253 N.J. Super. 447 (1992)
602 A.2d 273
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NOEL SEPULVEDA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1991.
Decided January 13, 1992.
*449 Before Judges BILDER, STERN and KEEFE.
Wilfredo Caraballo, Public Defender of New Jersey, attorney for appellant (J. Michael Blake, Assistant Deputy Public Defender, of counsel and on the brief).
Edward F. Borden, Jr., Camden County Prosecutor, attorney for respondent (Laurie A. Corson, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Defendant Noel Sepulveda pled guilty to an accusation which as amended charged him with distribution of cocaine within 1,000 feet of a school. N.J.S.A. 2C:35-7. The plea was given pursuant to a plea agreement which provided that the State would waive the mandatory period of parole ineligibility unless the defendant was found guilty of a violation of probation or failed to appear for sentencing. N.J.S.A. 2C:35-12.
Pursuant to the plea agreement, defendant was sentenced to four years probation with 364 days' incarceration in the county jail and 300 hours of community service. The court also imposed a $1,000 DEDR penalty, a $50 lab fee, a $30 VCCB penalty and a six month loss of New Jersey driving privileges. Defendant served his county jail time and began his probationary term. Approximately seven months later, a petition for violation of probation was filed. At the violation of probation hearing, defendant admitted to violating the conditions of his probation by failing to report to his probation officer, failing to obtain a drug and alcohol evaluation within 45 days of his release from jail, failing to perform any community service, and failing to pay the VCCB and DEDR penalties. Because the waiver permitted by N.J.S.A. 2C:35-12 was given in connection *450 with the "initial plea only," the State argued that the judge was bound to impose a sentence that included a three year period of parole ineligibility.
The judge, referring to defendant's lack of prior record, stated that he could not find any reason to justify the sentence he imposed considering the mitigating and aggravating factors and the sentencing structure but, nonetheless, imposed a five year sentence with a three year period of parole ineligibility "solely because the statute commands it." The penalties and fines previously imposed were not altered.
Defendant appeals and raises the following issues:
POINT I N.J.S.A. 2C:35-12, WHICH PREVENTS THE JUDGE FROM AMELIORATING A MANDATORY SENTENCE WITHOUT THE PROSECUTOR'S CONSENT, VIOLATES THE DOCTRINE OF SEPARATION OF POWERS AND THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW. (U.S. CONST. AMEND. XIV; N.J. CONST. (1947), ART. I, PAR. 1; ART III, PAR. 1). (Not Raised Below).
A. N.J.S.A. 2C:35-12 Is Unconstitutional.
B. N.J.S.A. 2C:35-12 Cannot Be Utilized To Deprive The Court Of Its Obligation Pursuant To N.J.S.A. 2C:45-3a(4) To Determine Whether The Defendant Has "Inexcusably Failed To Comply With A Substantial Requirement" Of Probation And Whether That Violation Should Result In The Revocation Of Probation.
C. N.J.S.A. 2C:35-12 Cannot Be Utilized To Circumvent The Sentencing Guidelines Set Forth In State v. Baylass, 114 N.J. 169, 553 A.2d 326 (1989) And State v. Molina, 114 N.J. 181, 553 A.2d 332 (1989). (Not Raised Below).
POINT II THE COURT ERRED IN IMPOSING A FIVE YEAR SENTENCE, WHICH IS NOT MANDATORY PURSUANT TO N.J.S.A. 2C:35-7, WAS NOT REQUESTED BY THE PROSECUTOR, AND AS RECOGNIZED BY THE COURT IS NOT JUSTIFIED BY WEIGHING THE AGGRAVATING AND MITIGATING FACTORS. (Not Raised Below).
POINT III N.J.S.A. 2C:35-7 IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED TO THIS DEFENDANT. (Not Raised Below).
POINT IV N.J.S.A. 2C:35-15, WHICH PROVIDES FOR MANDATORY DRUG ENFORCEMENT AND DEMAND REDUCTION PENALTIES TO BE IMPOSED ON ALL PERSONS CONVICTED OF OFFENSES ENUMERATED IN THE COMPREHENSIVE DRUG REFORM ACT OF 1986, N.J.S.A. 2C:35-15 ET SEQ., VIOLATES THE DEFENDANT'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS AND IS CRUEL AND UNUSUAL PUNISHMENT, (U.S. CONST. AMEND. VIII, XIV), AND VIOLATES THE STATE CONSTITUTIONAL PROHIBITION OF EXCESSIVE FINES (N.J. CONST. (1947), ART. I, PAR. 12). (Not Raised Below).
*451 The issues presented in Point IA, Point III and Point IV are clearly without merit. R. 2:11-3(e)(2); State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990); State v. Gonzalez, 241 N.J. Super. 92, 574 A.2d 487 (App.Div. 1991), rev'd in part on other grounds, 123 N.J. 462, 588 A.2d 816 (1991); State v. Anaya, 238 N.J. Super. 31, 568 A.2d 1208 (App.Div. 1990); State v. Ogar, 229 N.J. Super. 459, 551 A.2d 1037 (App.Div. 1989); State In the Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988). However, we find merit in the issues presented in Point 1B & C as well as Point II and remand the matter for resentencing for the reasons stated herein.

I
There is nothing in the wording of N.J.S.A. 2C:35-12 or in legislative history which suggests that the prosecutor's power to negotiate an agreement resulting in the waiver of the otherwise mandatory provisions of N.J.S.A. 2C:35-7 extends beyond the initial sentence imposed pursuant to the agreement. Ordinarily, a prosecutor cannot, as a part of a plea agreement, dictate what will occur in the event there is a violation of probation. Whether a defendant's violation of probation is sufficiently egregious to warrant revocation of probation is a decision reposed by the Legislature in the courts, not the prosecutor. See State v. Baylass, 114 N.J. 169, 175, 553 A.2d 326 (1989); N.J.S.A. 2C:45-3a(4). Moreover, "[o]nce the court determines that the violation justifies revocation of probation, the Code controls the sentencing decision." State v. Baylass, supra, 114 N.J. at 178, 553 A.2d 326. Thus, to determine the appropriate terms of the resentence, the judge refers to the sentencing scheme provided in the Code for the crime to which defendant originally pled guilty rather than the terms of the sentence agreed upon by defendant in the plea agreement. State v. Ervin, 241 N.J. Super. 458, 465-70, 575 A.2d 491 (App.Div. 1989). Here, the State, rather than the defendant as in Ervin, argues that the court is bound by the plea agreement when resentencing takes place for a violation of probation. The *452 distinction, however, is without legal significance because the rationale of Ervin is that the statute not the agreement dictates the procedure for resentencing on violations of probation. Id. Thus, the court is not bound by a plea agreement which attempts to bind it to revoke probation and impose a jail term simply because there has been a violation of probation.
In this case the trial judge erred by failing to initially determine whether defendant's violations warranted a revocation of his probation. N.J.S.A. 2C:45-3a(4). Indeed, the judge's remarks reflect that he may not have revoked probation had he utilized the traditional approach to such matters and not felt bound by the plea agreement. Clearly, the judge was not compelled to revoke probation where the violations were inconsequential. Id. Thus, a reversal of the sentence and remand would be justified on that basis alone.

II
However, on remand the judge may conclude that defendant's violations are substantial and justify revocation of probation. We assume from our interpretation of the record that the judge might then feel compelled to adhere to the prosecutor's decision not to waive the mandatory minimum sentence permitted by N.J.S.A. 2C:35-12 and impose the sentence recommended by the prosecutor. Should defendant's probation be revoked we, nonetheless, conclude that the proceeding is still governed by N.J.S.A. 2C:45-3 and State v. Baylass, supra. The judge is obligated to resentence in accord with the applicable Code provision to which defendant pled guilty, namely, N.J.S.A. 2C:35-7, possession with intent to distribute cocaine within 1000 feet of school property. State v. Baylass, supra, 114 N.J. at 175, 553 A.2d 326. That is so not because either the plea agreement or the prosecutor require the judge to do so but because N.J.S.A. 2C:45-3 requires it.
N.J.S.A. 2C:35-7 provides that a defendant who violates the statute "shall ... be sentenced by the court to a term of *453 imprisonment[,] ... [and] the term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole" unless there is a waiver and agreement under N.J.S.A. 2C:35-12. N.J.S.A. 2C:35-7. Thus, at resentencing, a defendant such as Sepulveda would receive a minimum term of three years unless the prosecutorial waiver previously given remains binding on the State.
Therefore, the ultimate question to be decided is whether the prosecutor is bound by the earlier waiver despite his statement at the plea hearing that he would not be so bound. The majority opinion in State v. Wearing, 249 N.J. Super. 18, 591 A.2d 1350 (App.Div. 1991), held that the prosecutor was not bound by the initial waiver so long as the defendant was "properly advised at the time of plea and sentencing about his maximum exposure and mandatory ineligibility term upon violation of probation...." Id. at 26, 591 A.2d 1350. Judge Cohen in a dissenting opinion reasoned: "[t]he grant ... of waiver at initial sentencing exhausts any legitimate law enforcement purposes for which the prosecutor is given the N.J.S.A. 2C:35-12 authority. Those law enforcement purposes are not revived by a probation violation." Id. at 30, 591 A.2d 1350. In State v. Vasquez, 250 N.J. Super. 457, 595 A.2d 520 (App.Div. 1991), another part of this court adopted Judge Cohen's dissent as the basis for its unanimous view that a waiver once given binds the State thereafter. We also endorse Judge Cohen's view that the waiver, once given, is irretrievable.
As noted earlier N.J.S.A. 2C:35-12 does not authorize a conditional waiver. It is also silent concerning the standards by which a prosecutor is to be guided in exercising the discretion permitted by N.J.S.A. 2C:35-7. The legislative commentary accompanying the statute gives some guidance. It suggests that the Legislature believed that prosecutorial discretion was necessary to achieve law enforcement goals in an area of criminal activity where it is often difficult to catch high level *454 drug kingpins without the assistance of the low level drug users and pushers who may have important information and are the ones usually detected and arrested. "For this reason, one of the key objectives of this section and of the act is to provide persons engaged in illicit drug activities with strong incentives to cooperate with law enforcement to overcome the perceived and substantial risks associated with turning State's evidence and exposing their superiors, suppliers and affiliates." Cannel, New Jersey Criminal Code Annotated, legislative commentary on N.J.S.A. 2C:35-12 (1992). If a prosecutor uses that stated purpose as the justification for waiving the mandatory sentencing provisions of the statute, ordinarily the prosecutor has received the quid pro quo for the waiver by the time a violation of probation charge has been filed. See State v. Ramirez, 241 N.J. Super. 372, 575 A.2d 45 (App.Div. 1990).[1] Thus, no legitimate law enforcement goal is accomplished by withdrawing the waiver.
This court has recognized that the Legislature may also have intended to allow the prosecutor to exercise discretion under the statute in the "interests of justice," although neither the statute nor the legislative commentary specifically mentions that justification. State v. Todd, supra, 238 N.J. Super. at 462, 570 A.2d 20; State v. Cengiz, 241 N.J. Super. 482, 493, 575 A.2d 504 (App.Div. 1990). However, even if a prosecutor has decided to waive the mandatory sentencing provision at the time of initial sentencing in the interests of justice, there is no apparent justification for continued involvement by the prosecutor thereafter. "[T]he decision as to where the interests of justice lie is one which has traditionally been reserved to the judiciary." State v. Cengiz, supra, 241 N.J. Super. at 492, 575 A.2d 504. The sentencing court can refuse to accept the plea agreement if it believes justice has not been served by the waiver. State v. *455 Todd, supra, 238 N.J. Super. at 462, 570 A.2d 20. However, once the court has indicated its approval of the agreement to relieve the defendant of the mandatory sentence provided by the statute, the sentencing discretion rests with the court, not the prosecution. The justification for the constitutionality of this statute rests on the construction that "ultimate sentencing" authority rests in the court. Id. at 461, 570 A.2d 20.

III
Regardless of the fact that the trial judge felt compelled to abide by the prosecutor's decision of non-waiver, he was still obligated to determine the length of the base term by applying the aggravating and mitigating factors as required by Baylass. State v. Baylass, supra, 114 N.J. at 176, 553 A.2d 326. Defendant pled guilty to a third degree crime. The range of imprisonment is from three to five years with a presumptive term of four years. N.J.S.A. 2C:43-6a(3); N.J.S.A. 2C:44-1f(1)(d). When sentencing for a violation of probation, the court "must again weigh the aggravating and mitigating factors to determine whether to impose the presumptive sentence or one that is more appropriate. The only aggravating factors the court may consider are those that exist at the time of the initial sentencing." State v. Baylass, supra, 114 N.J. at 176, 553 A.2d 326. The five year sentence imposed in this case on resentencing is clearly violative of the Baylass standard. The judge cannot increase the presumptive term unless he finds that the preponderance of aggravating factors weighs in favor of a higher term. N.J.S.A. 2C:44-1f(1)(c). That weighing process did not occur here. The State agrees with defendant's argument in this respect.
The judgment under review is reversed and the matter is remanded for further proceedings consistent with this opinion.
STERN, J.A.D. (concurring and dissenting).
I concur in the remand because "[c]learly the judge was not compelled to revoke probation where the violations were inconsequential." *456 Slip opinion at 452, 602 A.2d at 275. I therefore concur in Point I of the majority opinion. I also agree with the majority that on a violation of probation (V.O.P.) the trial judge was "obligated to determine the length of the base term by applying the aggravating and mitigating factors as required by [State v.] Baylass[, 114 N.J. 169, 553 A.2d 326 (1989)]." Opinion at 455, 602 A.2d at 277. See also State v. Wearing, 249 N.J. Super. 18, 27-28, 591 A.2d 1350 (App.Div. 1991). However, I dissent from the holding requiring resentencing on any violation of probation without a mandatory ineligibility term. In essence, I have reservations about the validity of the negotiated disposition and "agreement" reached under N.J.S.A. 2C:35-12, but those reservations do not require the remedy suggested by my dissenting colleague in Wearing, or imposed here or by the court in State v. Vasquez, 250 N.J. Super. 457, 595 A.2d 520 (App.Div. 1991).
We have held that a trial judge has the right to accept or reject a negotiated plea disposition under N.J.S.A. 2C:35-12, thereby preserving the constitutionality of that statute from an attack based upon a violation of the separation of powers doctrine. See State v. Todd, 238 N.J. Super. 445, 462, 570 A.2d 20 (App.Div. 1990). We have also held, in a different context, that a prosecutor's refusal to make an agreement with the defendant for disposition without an otherwise mandatory sentence is reviewable for arbitrariness or unconstitutional discrimination. See State v. Alvarez, 246 N.J. Super. 137, 147-148, 586 A.2d 1332 (App.Div. 1991). See also State v. Cengiz, 241 N.J. Super. 482, 490-498, 575 A.2d 504 (App.Div. 1990) (Shebell, J.A.D. dissenting in part). Our Supreme Court has further held, in the context of an offense where no mandatory ineligibility term is required, that a negotiated disposition cannot require a minimum term. See State v. Warren, 115 N.J. 433, 448, 558 A.2d 1312 (1989). Further, the Supreme Court has held in a violation of probation proceeding not involving a mandatory ineligibility term

*457 that a violation of probation relates to mitigating, not aggravating, factors as identified at a defendant's original sentencing hearing. Except insofar as the probation violation affects the weight to be accorded to mitigating factors, the violation may not be used to impose a prison term greater than the presumptive sentence or a period of parole ineligibility. [State v. Baylass, 114 N.J. 169, 170-171, 553 A.2d 326 (1989)].
See also State v. Molina, 114 N.J. 181, 553 A.2d 332 (1989).
It may be, therefore, that a trial judge, in exercising his or her discretion under State v. Todd, supra, should not accept a negotiated disposition under N.J.S.A. 2C:35-12 which requires imposition of the mandatory ineligibility term upon a probation violation because, although negotiated dispositions are permissible under the statute, this particular type of disposition runs counter to fundamental judicial policy and promotes disproportionality between probation violators, whereas uniformity is otherwise encouraged by the Code. See N.J.S.A. 2C:1-2b. See also State v. Shaw, 253 N.J. Super. 187, 601 A.2d 709 (App.Div. 1991) (§ 12 agreement conditioned upon appearance at sentencing is unlawful). Neither State v. Vasquez nor State v. Wearing, supra, directly involved the validity of the plea agreement. They dealt only with the consequences of a subsequent violation of probation after a negotiated disposition, fully satisfactory to both parties, was entered at the time of plea. No issue was expressly directed to the validity of the plea or the plea agreement. The same is true in this case.
I view the issue to be properly addressed to the validity of the agreement, not the validity of the sentence on the V.O.P. After all, the defendant, in essence, asked the court to accept the plea and to sentence him to a probationary term in accordance with the provisions of N.J.S.A. 2C:35-12. That could only be done based on an agreement with the prosecutor which here included imposition of the mandatory ineligibility term upon any V.O.P. If the defendant attacks the agreement as a matter of law because it was illegal or otherwise improper, or if he attacks the plea as involuntary or otherwise entered without a knowing, intelligent and voluntary waiver of his rights, the remedy, if any, must be addressed to the plea.
*458 I do not believe that a defendant can obtain the benefits of the agreement and be placed on probation and then repudiate it only for purposes of the subsequent V.O.P. proceedings. Rather, at most he is entitled to renegotiate the agreement to obtain the prosecutor's "waiver" of a mandatory ineligibility term for purposes of the V.O.P. or to withdraw the plea. In that way the matter would be reconsidered from the point the plea was negotiated. Cf. State v. Kovack, 91 N.J. 476, 485, 453 A.2d 521 (1982). See also State v. Barboza, 115 N.J. 415, 420-427, 558 A.2d 1303 (1989) (invalidity of plea of defendant in jail due to insufficient factual basis); State v. Santiago, 253 N.J. Super. 197, 601 A.2d 714 (App.Div. 1991) (illegal agreement under N.J.S.A. 2C:35-12); but see State v. Shaw, supra.
The majority here, like the dissenter in Wearing and the panel in Vasquez, try to be fair and recognize the harshness of a mandatory ineligibility term in these circumstances. But the wisdom of a mandatory ineligibility term is for the Legislature to decide. See State v. Des Marets, 92 N.J. 62, 455 A.2d 1074 (1983). See also State v. Rogers, 124 N.J. 113, 118, 590 A.2d 234 (1991). On the other hand, to the extent relevant, I also note that the majority view in the long run will result in few, if any, probationary recommendations under N.J.S.A. 2C:35-12. In fact we have been told at oral argument in a companion case involving the same issue that the policy permitting them has already been changed in Camden County.
Before us defendant does not attack the plea or seek to withdraw it. As a result I do not have to further address the validity of the plea.[1] In any event, I cannot agree that defendant *459 is entitled to resentencing on the V.O.P. with respect to the mandatory ineligibility term as contemplated by the majority.
NOTES
[1] Different considerations might apply where the defendant has not fulfilled the promises made to induce the waiver. We need not discuss that issue here because the State makes no such claim.
[1] The only authorized sentence for a violation of N.J.S.A. 2C:35-7 embodies a mandatory ineligibility term, except when the prosecutor agrees to a specific sentence provided in N.J.S.A. 2C:35-12. There is no legislative authorization to impose a sentence for a violation of N.J.S.A. 2C:35-7 without a mandatory ineligibility term except as provided in N.J.S.A. 2C:35-12. The general sentencing provisions applicable to other third degree crimes do not otherwise apply. We have already held that a trial judge may either accept the prosecutor's binding recommendation or reject the plea, see State v. Todd, supra; and here the recommendation included imposition of the statutorily mandated sentence if defendant violated his probation. That recommendation, accepted by defendant as part of a negotiated plea, was accepted by the sentencing judge. See State v. Todd, supra. Compare State v. Shaw, supra; State v. Martines, 252 N.J. Super. 404, 599 A.2d 1289 (App.Div. 1991). The Supreme Court has held that, in other circumstances, a binding minimum recommendation cannot be imposed as part of a negotiated disposition, see State v. Warren, 115 N.J. 433, 558 A.2d 1312 (1989), but that judicial policy does not apply in these circumstances where the Legislature has provided for binding minimum recommendations as authorized in 2C:35-12. Further, as we have upheld the constitutionality of a mandatory ineligibility term embodied in N.J.S.A. 2C:35-7 in the absence of a negotiated disposition, it may well be that any defect in N.J.S.A. 2C:35-12 or its application would require the imposition of the mandatory ineligibility term as set forth in 2C:35-7, not its elimination. See State v. Alvarez supra, 246 N.J. Super. at 147 n. 5, 586 A.2d 1332 (App.Div. 1991). Compare, State v. Shaw, supra (Shebell, J.A.D. concurring).