253 N.J. Super. 187 (1991)
601 A.2d 709
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK SHAW, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 6, 1991.
Decided December 10, 1991.
*189 Before Judges PRESSLER, SHEBELL and D'ANNUNZIO.
Wilfredo Caraballo, Public Defender, attorney for appellant (Joan D. Van Pelt, Deputy Public Defender, of counsel and on the brief).
Edward F. Borden, Jr., Camden County Prosecutor, attorney for respondent (Harry S. Collins, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.A.D.
Pursuant to a plea agreement under Camden County Indictment No. 2187-08-89, defendant was convicted of distribution of cocaine within 1,000 feet of school property. N.J.S.A. 2C:35-7. The remaining counts were dismissed. The agreement also included the prosecutor's recommendation that defendant receive a period of parole ineligibility of one year, rather than the three year period mandated in N.J.S.A. 2C:35-7. However, the plea agreement contained an escape clause favorable to the State. If defendant failed to appear on his scheduled sentencing date or was arrested prior to sentencing, then the prosecutor's recommendation limiting parole ineligibility to one year would be withdrawn. Under those circumstances, the mandatory three year parole ineligibility period would apply.
Defendant entered his plea on October 10, 1989, and at that time the judge informed defendant that he would be sentenced *190 on November 9, 1989. Defendant did not appear on the sentencing date, but turned himself in on January 2, 1990. Defendant explained that he did not appear on November 9 because he wanted to spend the holidays with his family. The prosecutor withdrew the sentence recommendation, and the court sentenced defendant to the presumptive term of four years imprisonment with the mandatory three years of parole ineligibility. In sentencing defendant the court announced that it found no aggravating factors and no mitigating factors.
N.J.S.A. 2C:35-12 (hereafter § 12) provides:
Whenever an offense defined in this chapter specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole, or a mandatory extended term which includes a period of parole ineligibility, the court upon conviction shall impose the mandatory sentence unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement, which provides for a lesser sentence or period of parole ineligibility. The negotiated plea or post-conviction agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law, a specified period of parole ineligibility, a specified fine, or other disposition. In that event, the court at sentencing shall not impose a lesser term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea or post-conviction agreement.
One of the objectives of this leniency provision is explained in the Official Commentary to the Comprehensive Drug Reform Act, Assembly Judiciary Committee (hereinafter referred to as Official Commentary). In its discussion of § 12 it states in part:
A number of the most serious offenses defined in this act require the imposition of mandatory terms of imprisonment and mandatory terms of parole ineligibility. These mandatory minimum terms can only be waived or reduced pursuant to a negotiated plea or post conviction agreement with the prosecuting authority. It is essential in drug cases that prosecutors be able to secure the cooperation (in the form of confidential information and testimony) of certain lower and middle level offenders to be able to identify, apprehend, prosecute and convict the more culpable, higher echelon members in a given drug distribution network. For this reason, one of the key objectives of this section and of the act is to provide persons engaged in illicit drug activities with strong incentives to cooperate with law enforcement to overcome the perceived and substantial risks associated with turning State's evidence and exposing their superiors, suppliers and affiliates. [Emphasis added.]
*191 The prosecutor's authority to avoid a mandatory sentence is a powerful tool in the inducement of guilty pleas and as such is an aid to the disposition of criminal cases. Section 12 also permits the State to dispense leniency in cases where a mandatory three year term without parole would be unduly harsh. There is nothing in the record in the present case to indicate that the State received information or other form of cooperation from defendant in exchange for its sentence recommendation.
At least one panel of this court has upheld § 12's constitutionality. State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990). See also State v. Brown, 227 N.J. Super. 429, 547 A.2d 743 (Law Div. 1988). But see State v. Cengiz, 241 N.J. Super. 482, 575 A.2d 504 (App.Div. 1990) (Shebell, J.A.D., writing for the majority but dissenting in part), certif. denied, 122 N.J. 402, 585 A.2d 400 (1990). However, irrespective of the constitutional issue, no New Jersey court has considered the enforceability of a § 12 pre-conviction agreement conditioned upon a defendant's appearance for sentencing.[1]State v. Wilson, 206 N.J. Super. 182, 502 A.2d 46 (App.Div. 1985) and State v. Subin, 222 N.J. Super. 227, 536 A.2d 758 (App.Div.), certif. denied, 111 N.J. 580, 546 A.2d 506 (1988), considered such a condition in other than a § 12 context.[2]
In Wilson defendant pled guilty to second degree burglary in exchange for a sentence recommendation of ten years imprisonment with three years of parole ineligibility. However, if defendant failed to appear for sentencing, then he would be subject to a twenty year extended term with a parole ineligibility of ten years. Defendant failed to appear, was arrested and sentenced to twenty years imprisonment with a mandatory *192 minimum of ten years. A panel of this court held that "a sentence based entirely upon nonappearance in court is an illegal sentence." Wilson, supra, 206 N.J. Super. at 184, 502 A.2d 46. The Wilson court did not expressly rule that the State lacked authority to condition its sentence recommendation on defendant's appearance. It held that the court could not impose a higher sentence automatically merely because of defendant's failure to appear.
What is improper is a sentence based upon a factor which is unrelated to the sentencing criteria set forth in the Code of Criminal Justice ... Nowhere in the code is it suggested that defendant's appearance for sentence is one of those criteria. (Citation omitted).
We do not say that the reasons for defendant's failure to appear for sentence may not be considered. They must, however, be relevant to identified sentencing guidelines.
Id. at 184, 502 A.2d 46. The Wilson court reduced defendant's sentence to the original recommendation of ten years with a mandatory minimum of three years.
In Subin the State recommended an aggregate sentence of seven years for a burglary and attempted theft. The State consented to defendant's release on his personal recognizance pending sentencing. The State's recommendation was conditioned on defendant's appearance for sentencing and remaining arrest-free pending sentencing. If defendant violated either condition, the State's recommendation increased to ten years imprisonment with three years parole ineligibility. Defendant failed to appear and eventually he was sentenced to five years imprisonment with a two-year mandatory minimum.
The court in Subin rejected defendant's attack on the plea agreement.
In our view, a component of a plea agreement that provides for an increased sentence when a defendant fails to appear that is voluntarily and knowingly entered into between a defendant and the State does not offend public policy. There is no reason in law or logic why such a component cannot properly be included in a plea agreement, so long as the sentencing court does not impose the sentence automatically by virtue of the defendant's non-appearance in court. The trial court must always sentence in accordance with the applicable sentencing provisions of the Code.
*193 Subin, supra, 222 N.J. Super. at 238-239, 536 A.2d 758. The court noted that the sentencing judge did not impose a sentence based solely on defendant's nonappearance. The court observed that the sentencing judge rejected the automatic imposition of the State's upgraded recommendation and sentenced defendant in accordance with the applicable sentencing guidelines by balancing relevant aggravating and mitigating factors. Finally, the appellate panel noted:
We simply point out that to the extent that the trial court may have considered defendant's non-appearance in imposing sentence, we find no error under the circumstances. Defendant's failure to appear at sentencing was relevant to at least two of the aggravating factors discussed by the trial court and enumerated in N.J.S.A. 2C:44-1a, specifically "[t]he risk that defendant will commit another offense.", N.J.S.A. 2C:44-1a(3), and "the need for deterring defendant and others from violating the law." N.J.S.A. 2C:44-1a(9). A defendant who has been convicted of a crime has an obligation to appear before the sentencing court. A defendant's disregard of that obligation by failing to appear in the absence of a valid excuse demonstrates the defendant's disrespect for the law and gives rise to a reasonable inference that he is likely to commit another offense. Insofar as a defendant's failure to appear at sentencing may constitute the crime of bail jumping, the goal of deterring further criminal conduct has added significance. Thus, a sentencing court can properly consider a defendant's failure to appear together with other relevant mitigating and aggravating factors in determining the appropriate sentence.
Id. at 240, 536 A.2d 758.
Wilson and Subin did not involve crimes subject to mandatory sentencing. In the absence of a mandatory sentencing provision the sentencing court may impose a sentence more lenient than the State's recommendation. State v. Warren, 115 N.J. 433, 442, 558 A.2d 1312 (1989). Under those circumstances the State's recommendation establishes defendant's maximum exposure but not the actual sentence. However, under a mandatory sentencing scheme withdrawal of the State's recommended sentence due to defendant's nonappearance revives the mandatory sentence, thereby depriving the sentencing court of the discretionary authority it possesses in a non-mandatory context.
Mandatory sentences severely limit judicial sentencing discretion. Section 12 survived an attack based on an alleged *194 violation of the constitutional principle of separation powers, because we concluded that "the Legislature fully intended to reserve to the judiciary the power to approve or reject any agreement between the defendant and the State." State v. Todd, supra, 238 N.J. Super. at 462, 570 A.2d 20. We deemed that narrow discretion necessary to the constitutionality of § 12. The nonappearance condition in this case, if enforceable, places an additional limitation on the judiciary's already severely circumscribed sentencing authority. We conclude that the condition is not authorized by § 12 because it unduly interferes with the residuum of judicial sentencing discretion that survives § 12 and is collateral to § 12's underlying objectives.[3]
The prosecutor's authority to impose the condition should not be implied because the condition is minimally related to legitimate sentencing goals and, if enforceable, would enhance substantially the prosecutor's powerful leverage under § 12. Cf. State v. Warren, supra, 115 N.J. at 446-448, 558 A.2d 1312 (negotiated sentence is an impermissible restraint on judicial sentencing discretion which should not be encumbered by increasing the prosecutor's impact on determination of the actual sentence); State v. Fort, 101 N.J. 123, 501 A.2d 140 (1985) (plea agreement with co-defendants conditioned on their agreement not to testify for defendants violated defendants' constitutional rights). But cf. State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975) (State may condition plea agreement on defendant's waiver of right to appeal; defendant may appeal, nevertheless, but State may move to revoke the plea agreement).
We agree with Subin, supra, that a defendant's failure to appear may be relevant to sentencing considerations such as *195 the likelihood that he will commit another offense or his amenability to probationary treatment. N.J.S.A. 2C:44-1a(3) and 1b(10). However, the nexus between nonappearance and legitimate sentencing considerations is difficult to predict and should not be presumed. Thus, we conclude that the impact of a defendant's nonappearance on the plea arrangement should be left to the sound sentencing discretion of the court when it decides whether to accept or reject the prosecution's plea recommendation. State v. Todd, supra. We assume that the court's discretion will be exercised in light of the availability of other sanctions for nonappearance such as prosecution for bail jumping, N.J.S.A. 2C:29-7, or contempt, N.J.S.A. 2C:29-9.
To recapitulate, we hold that a prosecutor may not condition a § 12 plea agreement on defendant's appearance at sentencing. However, the sentencing court may consider defendant's failure to appear in deciding whether to accept or reject the agreement. Of course, if the court rejects the agreement, the defendant will have the right to withdraw the plea and go to trial.
In the present case, the sentencing court automatically applied the nonappearance condition and sentenced defendant to the statutory mandatory term. That was error. In light of the sentencing court's specific finding that no aggravating factors applied, we now exercise our original jurisdiction, R. 2:10-3, and impose the one year period of parole ineligibility required in the plea agreement.
Defendant also contends that N.J.S.A. 2C:35-7, 12 and 15 are unconstitutional. We conclude that this contention is clearly without merit. R. 2:11-3(e)(2). State v. Todd, supra; State in Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988), certif. denied, 114 N.J. 485, 555 A.2d 609 (1989); see State v. Ivory, 124 N.J. 582, 592 A.2d 205 (1991).
The conviction is affirmed. The matter is remanded for the entry of an amended judgment of conviction.
*196 SHEBELL, J.A.D., concurring.
I concur only with the result. This case clearly demonstrates the violations of legitimate sentencing considerations that may occur when sentencing discretion is improperly taken from the judiciary and placed in the hands of the prosecution. This is particularly so under N.J.S.A. 2C:35-12, as no criteria have been enacted for the exercise of the prosecutor's discretion. Cf. N.J.S.A. 2C:43-6.2 (establishing "interests of justice" criteria for exception to Graves Act mandatory minimum sentence requirements).
I disagree with the reasoning of Judge D'Annunzio's opinion. If the unbridled authority given to the prosecutor by the Legislature to waive the mandatory sentencing provisions of N.J.S.A. 2C:35-7 and -12 is constitutional, then I see no substantial distinction between the plea agreement presented here and that sustained in State v. Subin, 222 N.J. Super. 227, 238-39, 536 A.2d 758 (App.Div.), certif. denied, 111 N.J. 580, 546 A.2d 506 (1988). In both instances, the sentencing judge is free to impose a sentence more lenient than the plea bargain approved by the State, except here the sentence must comply with the legislatively imposed mandatory sentencing provisions of N.J.S.A. 2C:35-7.
I concur in the result only because I remain convinced that N.J.S.A. 2C:35-12, as written without any standard for prosecutorial waiver or procedure for judicial review, is an unconstitutional infringement on the inherent sentencing power of the judiciary in violation of the separation of powers provision of our State Constitution and the due process and equal protection guarantees of our Federal and State Constitutions. See State v. Cengiz, 241 N.J. Super. 482, 488-98, 575 A.2d 504 (App.Div.) (Shebell, J., dissenting), certif. denied, 122 N.J. 402, 585 A.2d 400 (1990). See also State v. Alvarez, 246 N.J. Super. 137, 586 A.2d 1332 (App.Div. 1991) (constitutionality of N.J.S.A. 2C:43-6.2 upheld where leniency decision of prosecutor controlled by "interests of justice" standard and Assignment Judge has ultimate authority to decide whether prosecutor acted arbitrarily).
NOTES
[1] Compare State v. Vasquez, 250 N.J. Super. 457, 595 A.2d 520 (App.Div. 1991) (prosecutor's waiver of mandatory term at initial sentencing also applied to sentencing upon probation violation) with State v. Wearing, 249 N.J. Super. 18, 591 A.2d 1350 (App.Div. 1991) (prosecutor's waiver of mandatory term applied only to initial sentencing and not to sentence upon probation violation).
[2] Wilson and Subin were also Camden County cases.
[3] If a defendant poses a risk of flight, the State may request revocation of bail upon entry of a guilty plea or condition the agreement on defendant's immediate incarceration. We are mindful, moreover, that many defendants involved in the drug trade are themselves in the grip of addiction to drugs, including alcohol. Consequently, a nonappearance condition may yield a harvest of guilty pleas with a high probability that the condition will be violated due to a defendant's drug abuse.