252 N.J. Super. 404 (1991)
599 A.2d 1289
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GEORGE MARTINES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 19, 1991.
Decided December 17, 1991.
*405 Before Judges PRESSLER, SHEBELL and SKILLMAN.
J. Michael Blake, Assistant Deputy Public Defender, argued the cause for appellant (Wilfredo Caraballo, Public Defender, attorney; J. Michael Blake on the brief and reply letter brief).
Robin A. Hamett, Assistant Prosecutor, argued the cause for respondent (Edward F. Borden, Jr., Camden County Prosecutor, attorney; Frederick H. Martin, Assistant Prosecutor, of counsel and on the brief).
*406 PER CURIAM.
Pursuant to N.J.S.A. 2C:35-12, defendant George Martines entered into a plea agreement with the State, agreeing to plead guilty to a third-degree charge of distribution of a controlled dangerous substance within 1,000 feet of a school in return for the prosecutor's undertaking to waive the three-year mandatory parole ineligibility term prescribed by N.J.S.A. 2C:35-7 and to recommend a four-year probationary term subject to a 364-day jail condition. The agreement further provided that if defendant, who had been released on his own recognizance, failed to appear at sentencing, the State would withdraw from its waiver stipulation and the mandatory minimum term would be imposed. Defendant did not appear but turned himself in two months after the scheduled sentencing date. He was sentenced to a four-year term with a three-year parole ineligibility period, and now appeals.
For the reasons stated by us in State v. Shaw, 253 N.J. Super. 187, 601 A.2d 709 (App.Div. 1991), we conclude that defendant's appearance at sentencing was an improper condition of the prosecutorial agreement to waive the mandatory minimum sentence. We also agree with the holding in Shaw that defendant's non-appearance is an appropriate factor for the court to consider in determining whether to sentence in accordance with the waiver agreement or to reject the plea altogether. However, as in Shaw, our review of the record here satisfies us that the sentencing judge "automatically applied the non-appearance condition and sentenced defendant to the statutory mandatory term." Id. at 195, 601 A.2d at 713. Indeed, the judge stated that he found defendant's explanation of his non-appearance "sympathetic" if not "compelling,"[1] and *407 that despite the non-appearance, he would be willing to sentence in accordance with the original waiver stipulation if the prosecutor were to so agree. The prosecutor, however, refused to do so.
In view of the foregoing, and considering further the judge's identification of deterrence as the only aggravating factor, defendant's prior criminal record of a single municipal court conviction, and the absence of any representation by the State that defendant's cooperation would be helpful to it in other prosecutions, we have opted, as in Shaw, to exercise our original jurisdiction in order to relieve defendant of the mandatory minimum term.[2]
Because we have accorded defendant the relief sought by him on appeal, we need not address his contention that the sentencing discretion accorded the prosecutor by N.J.S.A. 2C:35-12 violates the separation of powers principles of the state constitution and due process provisions of both the state and federal constitutions by impermissibly encroaching upon the inherent sentencing power of the judiciary. We have, however, serious concerns about the constitutionality of section 12. See State v. Cengiz, 241 N.J. Super. 482, 488-498, 575 A.2d 504 (App.Div. 1990). But see State v. Todd, 238 N.J. Super. 445, 570 A.2d 20 (App.Div. 1990). We note the apparent anomalies of a scheme in which the judicial sentencing discretion may be subject to virtual prosecutorial dictation, in which the effective power of granting leniency is afforded to the prosecutor but withheld from the judge, and in which there are no prescribed standards for the exercise of the prosecutor's discretion. Compare N.J.S.A. 2C:43-6.2, which imposes an "interests of justice" standard on the prosecutor's exercise of discretion to ameliorate a first time so-called Graves Act sentence. See State v. Alvarez, 246 N.J. Super. 137, 586 A.2d 1332 (App.Div. 1991). *408 The question, in constitutional terms, is whether the judicial power to reject the plea agreement reached under section 12 without the independent power to afford leniency meets any legitimate constitutional objections. Because of the holding in Shaw, to which we have subscribed, that question does not arise in a situation such as this in which defendant, in the end, has obtained the benefit of the waiver of the mandatory sentence as provided by the original plea agreement. Consequently, we leave these issues for another day.
Finally, we reject as without merit defendant's constitutional objections to N.J.S.A. 2C:35-7 and -15. See, respectively, e.g., State v. Ogar, 229 N.J. Super. 459, 551 A.2d 1037 (App.Div. 1989); State in Interest of L.M., 229 N.J. Super. 88, 550 A.2d 1252 (App.Div. 1988), certif. denied, 114 N.J. 485, 555 A.2d 609 (1989).
We remand for modification of the judgment of conviction by vacation of the parole ineligibility term. In all other respects, the judgment is affirmed.
NOTES
[1] Defendant explained that he was trying to make some kind of living arrangement for his homeless sixteen-year-old girlfriend, who was expecting their child and who was the first person with whom he had ever had a loving relationship. Apparently a situation for her with an unidentified woman was located, and defendant then turned himself in to a "bounty-hunter."
[2] Since that is the full extent of the relief defendant sought at oral argument, we do not address any issue as to the base sentence, vis-a-vis the originally agreed to probationary term.