684 A.2d 524

STATE OF NEW JERSEY, PLAINTIFF, v.
DARNELL COOPER, DEFENDANT.

Superior Court of New Jersey
Law Division Essex County

July 26, 1996.

*Clifford J. Minor,* Essex County Prosecutor, *Eugene Holt,* for plaintiff.

*Michael Marucci,* Public Defender for Essex County, *Patricia McEnroe,* for defendant.

FAST, J.S.C.

This is a restatement of the reasons given upon sentencing a defendant to a period of parole ineligibility that was longer than that recommended by the prosecutor in a plea agreement. Defendant took issue with the court's authority to do that; the prosecutor took no position on the issue.

## STATEMENT OF THE ISSUE

The issue presented in this matter is whether the court can, *sua sponte,* enhance the sentence of a defendant for the violation of a condition attached by the court to the release of defendant after

defendant entered into a plea of guilty. At the time of the plea, defendant accepted the condition and thereafter violated the condition by having failed to appear on the scheduled sentencing date. A bench warrant was issued, and when defendant was brought before the court for the sentencing, I held that the enhancement was proper and did enhance the sentence. Although similar issues have been reported, there is no reported opinion relating to either 1) the condition having been imposed by the court itself, or 2) the sentence being enhanced on the court's own initiative.

## FACTS

Defendant pleaded guilty, accepting an offer by the prosecutor, to charges of 1) possession of a controlled dangerous substance with intent to distribute it within 1,000 feet of a school (*N.J.S.A.* 2C:35–7), a third degree crime, 2) aggravated assault (*N.J.S.A.* 2C:12–1b(5)(a)), a fourth degree crime, and 3) resisting arrest (*N.J.S.A.* 2C:29–2), a fourth degree crime. The prosecutor's recommendation to the court was that the sentence not exceed four years, with a twenty month parole ineligibility. Other counts were recommended for dismissal upon sentencing, and the appropriate assessments and penalties were also to be included in the sentence and are not in issue.

After the plea had been taken, on March 7, 1996, defense counsel stated:

"Your honor, we would ask that you give us as long a sentencing date as is possible. Mr. Darnell Cooper has a young wife and a small child and he would like as much time to prepare them, they're going to lose their apartment; he has to make arrangements for his wife and daughter to move elsewhere. He's going to try to get as much money together for them as he possibly can before he goes. So the longest date that would be acceptable to them [sic] was Mr. Cooper's request. And I would also note that Mr. Cooper has always been here, never missed a court date. When he was sick, he always called in. He has always tried to cooperate with the court."

A sentencing date seven weeks thereafter was given, long after the normal period, pursuant to the request.

I thereupon advised the defendant that:

> "Mr. Cooper, I want to point out one thing to you. In effect, I am doing you and your family a favor by giving you such a lengthy date for sentencing. Accordingly, because I am not exactly going over board, but doing that favor, I expect that you will be here on April 26."

The defendant responded, "Yes, sir." and I added the condition as follows:

> "I want to make it clear to you that if you're not here on April 26 and if I have to issue a bench warrant, which would be because I'm given no good reason for your absence, then I do not feel that I will be bound by this plea bargain. I will be free to impose a different sentence, *a lengthier sentence*. Do you have any question about that?" [emphasis added]

The defendant answered by saying "No, I don't."

I then added: "I'm saying this because I want to make sure that you understand the importance of being here on April 26." The defendant then said "I understand."

And, to make sure, I added:

> "We will give you a form to remind you of the date. If you have any question, I know you have my 'phone number because you called here yesterday to advise that you were in ill health. You may call if there is any particular problem, but I will expect to see you on April 26."

The defendant: "Thank you."

The defendant did not appear for sentencing on April 26th, no reason was given for his absence, and a bench warrant for his arrest did issue. He was arrested on the bench warrant on June 7, and was present for sentencing on June 25.

Defendant was given a hearing on June 25, about his failure to have appeared for sentencing on April 26. Defendant said that he did not appear because his grandmother, with whom he said that he had been living, had been ill and that he had to attend to her. He gave no reason for having failed to call either his attorney nor the court to ask to have the matter "held," nor to ask for an adjournment of the sentencing date. He said nothing about the status of his wife, child, or their relocation.

Defendant's record includes four indictable convictions, two C.D.S. charges (including 1,000 foot charges), sexual assault, and receiving stolen property. His last sentence was five years in State prison, including a parole ineligibility of eighteen months.

When he was presented for sentencing (on June 25), I was also advised that he had an open indictable matter which was alleged to have occurred while pending disposition on this matter.

On June 25, having expressed my intent to enhance the sentence, defense counsel requested the opportunity to research the issue of the enhanced sentence. The sentencing was therefore adjourned to July 12. At that time, after having given the defendant one more opportunity to address the reasons for his failure to have appeared, and no good reason having been given, a custodial sentence of four years, with a twenty-four month parole ineligibility (that is, four months in addition to the term recommended by the prosecutor) was imposed (together with the other assessments and penalties.) The sentence on the non-drug crimes was to run concurrent with the sentence on 2C:35–7.

## DISCUSSION OF LAW

The principles that most resemble those involved here are found in the Supreme Court opinion of *State v. Shaw*, 131 *N.J.* 1, 618 *A.*2d 294 (1993), reversing 253 *N.J.Super.* 187, 601 *A.*2d 709 (App.Div.1991) and *State v. Francisco Santiago*, 253 *N.J.Super.* 197, 601 *A.*2d 714 (App.Div.1991). Both Shaw and Santiago pled guilty to school zone violations of drug laws and both failed to comply with an appearance requirement in the plea bargain. Having breached that condition, both defendants were sentenced, including three year parole ineligibility terms which would have been avoided had the defendants appeared for sentencing when scheduled.

Other cases have considered two conditions that have been included in plea offers made by prosecutors. One condition, as considered in *Shaw*, is that if the defendant is released either in defendant's own recognizance or continued on bail, but fails to appear for sentencing when scheduled [presumably without good cause] the prosecutor will consider that there is a breach of the condition and that the otherwise agreed-upon recommendation that there be no parole ineligibility [i.e., a waiver of the required

sentence under 2C:35–7, pursuant to 2C:35–12] will have been withdrawn. In *Shaw*, the Court called this a "no appearance/no waiver provision." It held that when this condition is integrated under the *State v. Vasquez*, 129 *N.J.* 189, 609 *A.*2d 29 (1992) guidelines, it is valid and enforceable.

The other similar condition that has been included in plea offers is that when a defendant is sentenced pursuant to 2C:35–12 to a period of probation, but violates any of the terms or conditions of probation, the prosecutor is likewise not bound to the waiver of parole ineligibility (thereby subjecting the defendant to a term of parole ineligibility upon a violation of probation.) For example, *see State v. Vasquez, supra,* and *State v. Wearing,* 249 *N.J.Super.* 18, 591 *A.*2d 1350 (App.Div.1991).

There are significant differences, however, between the subject case and the reported opinions that include the two conditions just stated. Specifically, the differences are that: 1) the subject condition was imposed by the court, rather than by the prosecutor, after the defendant had requested special consideration by the court as a part of a plea proceeding, 2) the sentence did not conflict with the prosecutor's recommendation under 2C:35–12, because it already included a period of parole ineligibility, 3) the enhanced sentence was imposed after having given a hearing to defendant for his failure to have appeared on the scheduled date and was proportionate to the failure to appear for sentencing, and 4) was based on aggravating factors as announced at sentencing.

This being a case of first impression, I find that the principles expressed in similar cases, especially *Shaw, supra,* 131 *N.J.* 1, 618 *A.*2d 294 (1993), provide the most reliable guidance.

My first consideration is the " '. . . delicate balance between discretion and fixed sentencing. An independent judiciary is [its] fulcrum.' " *Shaw, supra,* at 3, 618 *A.*2d 294, quoting from *State v. Lagares,* 127 *N.J.* 20, 30, 601 *A.*2d 698 (1992), (quoting *State v. Warren,* 115 *N.J.* 433, 449, 558 *A.*2d 1312 (1989)). *Shaw* next noted the authority of the prosecutor to append conditions to a

plea agreement.[1]  If this condition is valid when proposed by the prosecutor, can it be less than valid when imposed by an independent judiciary, with knowledge and an understanding of the consequences by the defendant?  I fail to find any greater power in the prosecutor than in a court, to enforce a condition to sentencing under a plea agreement.  I likewise find no statutory suggestion to the contrary.

In fact, *N.J.S.A.* 2C:35–12 authorizes a prosecutor to waive the otherwise required three-year parole ineligibility under 2C:35–7, and:

"In that event, the court at sentencing shall not impose a *lesser*[2] term of imprisonment, period of parole ineligibility or fine than that expressly provided for under the terms of the plea or post-conviction agreement." [emphasis added]

The Appellate Division majority opinion, in *Shaw*, 253 *N.J.Super.* 187, 601 *A.*2d 709 (App.Div., 1991), reversed at 131 *N.J.* 1, 618 *A.*2d 294, *supra*, held that ". . . a prosecutor may not condition a section 12 plea agreement on defendant's appearance at sentencing.  However, the sentencing court may consider defendant's failure to appear in deciding whether to accept or reject the agreement." *Id.*, at 195, 601 *A.*2d 709.  The ultimate authority residing in the court, notwithstanding the prosecutor's authority in 2C:35–12, is telling, especially when considering the reversal of the Appellate Division holding.  The Appellate Division also concluded that if the court rejects the agreement, the defendant will have the right to withdraw the plea and go to trial. *Id.*

██ However, *R.* 3:9–3(e), Withdrawal of Plea, states:

"If at the time of sentencing the court determines that the interests of justice would not be served by effectuating the agreement reached by the prosecutor and defense counsel *or* by imposing sentence in accordance with the *court's* previous

---

[1] *See Shaw* at 14, 618 *A.*2d 294:  ". . . we are clearly able to infer that the Legislature would intend that prosecutors have discretion to include a no-appearance term in a plea agreement to effectuate the purposes of the Act."

[2] *See State v. Leslie,* 269 *N.J.Super* 78, 634 *A.*2d 572 (App.Div.1993), which held that a sentencing court could not legally impose a *lesser* term than provided for in the plea agreement.

indications of sentence, the court may vacate the plea or the defendant shall be permitted to withdraw the plea." [emphasis added]

The rule was amended effective June 15, 1989, to permit the plea to be entered pursuant to the indications given to defendant by the judge, as well as by the prosecutor. Therefore, the subject issue relates to the indications given by the judge, rather than by the prosecutor, unlike the facts in the reported opinions. Notwithstanding the two "agreements" considered by the rule (i.e., by the prosecutor, or by the court's indications), it must be remembered that the single criterion for the application of either reason is only "the interests of justice." The interests of justice were served here by the enhanced period of parole ineligibility; it was "in accordance with the court's previous indications of sentence[,]" and as made clear to defendant at the time of the plea. There was, therefore, no basis for the court to have permitted defendant to withdraw this plea.

Likewise, in this regard, the Court in *Shaw,* at 14, 618 *A*.2d 294, said that:

"Defendants argue that requiring a defendant's appearance for sentencing is nothing more than a substitute for a bail requirement. We disagree. Rather, it is a manifestation of the defendant's willingness to participate in a rehabilitative program that in turn will contribute to assuring that the most efficient and effective dedication of the State's resources is achieved. Society can little afford the limited expenditures in tracking down and summoning to court an unresponsive drug defendant."

In reversing the Appellate Division's conclusion, the Court also stated (at 17, 618 *A*.2d 294) that:

"... we believe that a remand to require the parties to renegotiate the plea or otherwise to permit the defendant to withdraw from the plea is not the proper solution. We should strive to avoid unnecessary court events."

The Court's conclusion, stated at 19, 618 *A*.2d 294, was to remand both cases to the sentencing courts to determine the propriety of the sentences, *vis a vis* the reasons given by the prosecutor to deny the leniency otherwise available under 2C:35-12. On the remand,

"In both cases the Law Division sentences will be reinstated absent a finding that the prosecutor has acted arbitrarily (*i.e.,* without reason related to the prosecutori-

al waiver guidelines), or that because of the circumstances, enforcement of the plea would be fundamentally unfair or a miscarriage of justice."

[*Shaw*, 131 *N.J.* at 19, 618 *A.*2d 294].

On the remand, the trial courts were also to consider the interests of "judicial economy and simple justice." *Id.* at 19, 618 *A.*2d 294.

Defendant Cooper,

1) having requested the extended sentencing date that was granted, and

2) having been advised that I would not be bound by the agreement, and

3) having already contemplated a period of parole ineligibility, and

4) having, without good cause, breached the agreement made with the court

cannot in good faith complain that the sentence imposed was fundamentally unfair or a miscarriage of justice—especially considering the imposition by him of the wasted time and effort required in processing the bench warrant for his arrest and the efforts required to bring him to justice—an abuse of judicial economy and simple justice.

■ By having failed to appear for sentencing, defendant subjected himself to the additional charge of bail jumping, pursuant to *N.J.S.A.* 2C:29–7. *See State v. Subin*, 222 *N.J.Super.* 227, 230, n. 1, 536 *A.*2d 758 (App.Div.1988). That possible additional charge is not mutually exclusive of the enhanced sentence, though. As noted in *Subin*, the bail jumping charge was remanded (in a separate opinion) for a new trial, even while the Appellate Division affirmed the enhanced sentence based on the defendant's having violated the terms of probation.

"Defendant challenges as illegal and unfair the plea agreement because it permitted the trial court to increase his sentence in the event that he failed to appear for sentencing. He argues that because he did not appear for sentencing, he received a sentence longer than he would have received had he appeared as originally scheduled. We disagree and hold that the plea agreement was valid and enforceable and that the sentence imposed therewith was legal.

The validity of a plea agreement is guided by considerations of fundamental fairness and public policy.

. . . . . . . .

In our view, a component of a plea agreement that provides for an increased sentence when a defendant fails to appear that is voluntarily and knowingly entered into between a defendant and the State does not offend public policy. There is no reason in law or logic why such a component cannot properly be included in a plea agreement, so long as the sentencing court does not impose the sentence automatically by virtue of the defendant's non-appearance in court."

[*Subin,* 222 *N.J.Super.* at 237–39, 536 *A.*2d 758].

Pursuing a charge of bail jumping also defeats the goals of economy and efficiency, *Shaw, supra; State v. Barboza,* 115 *N.J.* 415, 420, 558 *A.*2d 1303 (1989). The same may also be said of the possible charge of contempt of court, *N.J.S.A.* 2C:29–9.

*Shaw* effectively overruled *State v. Martines,* 252 *N.J.Super.* 404, 599 *A.*2d 1289 (App.Div.1991) and reversed *State v. Santiago,* 253 *N.J.Super.* 197, 601 *A.*2d 714 (App.Div.1991). *Martines* held that "defendant's appearance at sentencing was an improper condition of the prosecutorial agreement [pursuant to *N.J.S.A.* 2C:35–12] to waive the mandatory minimum sentence," but that it was an appropriate factor for the court to consider in determining whether to sentence pursuant to the agreement or to reject the plea altogether. *Santiago* subscribed to the Appellate Division holding in *Shaw,* but held, at 203, 601 *A.*2d 714, that the proper remedy was to permit the parties to renegotiate the plea agreement or for the defendant to withdraw the plea "which should not have been initially accepted."

It is also appropriate to note that the issue here did not involve the question of "in or out," a longer "base" sentence, or the imposition of a period of parole ineligibility; all of these factors had already been in the reasonable expectation of the defendant. *State v. Subin, supra,* 222 *N.J.Super.* at 238, 536 *A.*2d 758. The only change was the enhanced period of parole ineligibility, from twenty to twenty-four months. That was even considerably less than the minimum parole ineligibility of thirty-six months contemplated by 2C:35–7.

Likewise, although I did not advise the defendant at the time of pleading of the specific length of the lengthier sentence, he was aware that I did have the discretion to impose a minimum time in confinement as long as one-half of the "base" term. (The twenty-four months of parole ineligibility that I did impose was in fact one-half of the "base" term (forty-eight months.)) I did not give any specific length because at the time of the condition I did not know the period for which he would be absent, and I consider that to be a significant factor in determining the period of enhancement.[3]

Finally, the enhancement of the parole ineligibility was consistent with the aggravating factors that the court must consider, pursuant to *N.J.S.A.* 2C:44–1a(3), the risk that defendant will commit another offense, and (9), the need to deter defendant and others from violating the law. Both factors were manifested by defendant's ignoring his obligation to appear when scheduled. "Even when the State and a defendant have entered into a plea agreement, a court in discharging its sentencing duties may not simply accept the arrangement without reviewing its factual support and circumstances surrounding its formation. *See State v. Sainz*, 107 *N.J.* 283, 292–93, 526 *A.2d* 1015 (1987)." *State v. Lagares*, 127 *N.J.* 20, 28, 601 *A.2d* 698 (1992). "... the court may look to other evidence in the record when making such determinations, that it should consider 'the whole person', and all the circumstances surrounding the commission of the crime.[4] ... The

---

[3] That is, the length of the enhancement should consider, inter alia, the time during which the defendant was absent, whether he voluntarily returned, and if not, the efforts required by the Sheriff's office to apprehend him (such as leaving the state).

[4] In considering the sentence, I also kept in mind that the crimes for which the defendant was being sentenced included aggravated assault against a police officer [as to which aggravating factor number 8 was found applicable under the circumstances and for the reasons stated on the record] and resisting arrest. The "whole person" being sentenced demonstrated aggravating factors that clearly and substantially were serious; I found no mitigating factors in defendant's behalf.

court was not bound to disregard surrounding circumstances...."
*State v. Sainz, supra,* 107 *N.J.* at 293–94, 526 *A.2d* 1015.

A judgment of conviction has been signed, consistent with this opinion.