**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4821-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALON B. ROLLS,

    Defendant-Appellant.

_____

> Argued February 3, 2020 – Decided March 3, 2020
>
> Before Judges Sabatino and Geiger.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 15-12-2996 and 16-03-0622.
>
> Douglas R. Helman, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Douglas R. Helman, of counsel and on the briefs).
>
> Regina M. Oberholzer, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Regina M. Oberholzer, of counsel and on the brief).

PER CURIAM

Defendant Alon B. Rolls appeals from an increased sentence imposed following our remand to reconsider his sentence in light of State v. Shaw, 131 N.J. 1 (1993). We reverse and remand.

The relevant facts and procedural history are not in dispute. An Atlantic County Grand Jury returned Indictment No. 15-12-2996, charging defendant with first-degree robbery, N.J.S.A. 2C:15-1(a)(1) (count one); and third-degree possession with intent to distribute an imitation controlled dangerous substance (CDS), N.J.S.A. 2C:35-11(a) (count two). The grand jury subsequently returned Indictment No. 16-03-0622, charging defendant and six others with an unrelated third-degree theft by deception, N.J.S.A. 2C:20-4 and N.J.S.A. 2C:2-6.

On February 13, 2017, defendant pleaded guilty to count one of Indictment No. 15-12-2996, amended to second-degree robbery, and the only count of Indictment No. 16-03-0622. In exchange, the State agreed to dismiss count two of Indictment No. 15-12-2996 and to recommend a third-degree range sentence of a three-year term, subject to an eighty-five percent parole disqualifier pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the robbery conviction, and a concurrent three-year flat term on the theft by deception conviction.

A-4821-18T1

During the plea colloquy, the State acknowledged its recommendation of a three-year NERA term on the robbery count and a concurrent three-year flat term on the theft count. The trial court accepted the plea, finding it was entered freely, knowingly, and voluntarily, and that defendant understood the sentence to be imposed. At defendant's request, the court agreed to delay sentencing because defendant had a newborn child and was supporting his family.

When he appeared for sentencing on May 19, 2017, defendant requested a further postponement because he was recently employed and wanted to "have a few more weeks to again keep his family financially afloat." The judge stated, "[i]f I were to grant it, it would be on the condition of [a] no show/no recommendation." The following colloquy then took place:

> THE COURT: I'll give you an opportunity to have a few more weeks on the street to take care of business, but it's on this condition. You got to come back on the day I'm about to give you. If you don't, then no hard feelings but –
>
> THE DEFENDANT: I'll give you my word, I'll be here.
>
> THE COURT: Just want you to understand the State can indict you for bail jumping and then when they bring you back I can sentence you as I see fit. It might be [three years] at [eight-five percent], it might be more. So you understand that, sir?
>
> THE DEFENDANT: Yes, sir.

THE COURT: Let's postpone the matter [to] June 30th, [with a] no show/no recommendation.

Notably, the State did not request the no show/no recommendation condition—it was not discussed during the plea negotiations, does not appear in the plea form, and was not mentioned at the plea hearing. Moreover, the plea agreement was never formally amended.

Defendant appeared for his next sentencing date, June 30, 2017, and requested another postponement due to his family situation, including his then pregnant fiancée. He claimed to be working seventy hours per week. The State deferred. The court initially agreed to the postponement contingent upon defendant submitting to a substance evaluation and testing clean. Although defendant admitted he would test positive for marijuana, the court postponed sentencing to August 18, 2017, and stated, "[h]e continues on the no show/no recommendation, no new charges and no dope."

Defendant did not appear for sentencing on August 18, allegedly because he was in the hospital. The court issued a bench warrant for defendant who remained a fugitive until arrested four months later by the Unites States Marshals Service Regional Fugitive Task Force.

On February 9, 2018, defendant appeared before a different judge for sentencing. Defense counsel requested that defendant be sentenced in

4

accordance with the plea agreement, despite having not appeared for sentencing. The State likewise moved for sentencing in accordance with the plea agreement. It left the impact of no show/no recommendation condition in the court's discretion.

Defense counsel explained the court's intention to defendant and reviewed with him a transcript setting forth the no show/no recommendation condition. When asked by the court if defendant was ready to proceed, defense counsel stated, "I advised [defendant] of what the [c]ourt's intentions are and we're prepared to go forward."

Notably, the court found the original written plea bargain was in the interest of justice and presumed to be reasonable. The court nevertheless took the "position, that when a defendant is advised that they are to be here for sentencing and they know it's no show/no [recommendation], there's an enhanced penalty for not showing up." After noting defendant had not sought a further postponement of the June 30, 2017 sentencing date, the court stated it was not imposing the recommended sentence. The court stated it intended to impose an extra year on the robbery count.

The court noted defendant had incurred fourteen arrests, resulting in five indictable and four municipal court convictions, relating to theft and CDS

offenses. The court further noted defendant had served a prison term, been paroled, and violated parole. The court also stated defendant had a significant juvenile record, with six adjudications of juvenile delinquency, and served a term of juvenile detention. The court found aggravating factors three (risk of re-offense), six (prior criminal record), and nine (need for deterrence), N.J.S.A. 2C:44-1(a)(3), (6), and (9), outweighed the nonexistent mitigating factors.

Based on the no show/no recommendation condition, the court sentenced defendant to concurrent four-year NERA terms on the robbery and theft by deception counts and imposed appropriate assessments.[1] The remaining charges were dismissed.

Defendant appealed his sentence before an excessive sentencing panel. We remanded "for reconsideration of defendant's sentence in light of State v. Shaw, a case we discuss infra in Part II(A)."

The trial court held a Shaw hearing on May 10, 2019. Defendant testified his wife was pregnant, he was working to support his family, his father was ill, and ultimately passed away. Defendant admitted knowing he was supposed to appear for court but decided he "could not just leave his wife and children

---

[1] As discussed infra in Part II(B), third-degree theft by deception is not a NERA offense. See N.J.S.A. 2C:43-7.2(a), (d).

abandoned like that." He also stated attempts to reach his attorney were unsuccessful. Defendant stated that he tried to speak to his attorney to request additional time but his attorney would not accept his calls or respond to his text messages because he missed a payment. This led to defendant changing defense counsel; however, court records revealed his original attorney appeared in court on the rescheduled sentencing date.

The court made the following findings at the resentencing following the Shaw hearing: "imposing a [four]-year term of incarceration on the robbery charge was significant, but not shocking, because defendant pled guilty to a second[-]degree crime, but was sentenced in the third[-]degree" and it was appropriate to increase the sentence by one year, thereby keeping the sentence in the third-degree range. The court also found defendant was aware of the no show/no recommendation condition.

The court concluded that defendant's "conscious decision" not to appear for sentencing was "unacceptable." The court stated "[d]efendant broke the trust that was placed in him" and "must now suffer the consequences of his deliberate failure and conscious refusal to appear for sentencing under the no show/no recommendation provision." The court noted defendant's criminal record militated against downgrading the robbery count for sentencing purposes. It

7

concluded the non-existent mitigating factors did not outweigh the aggravating factors. The court reasoned that a sentencing downgrade was no longer warranted because "the requirements of N.J.S.A. 2C:44-1(f)(2) had not been satisfied." Thus, "defendant must be sentenced in the second[-]degree range."

The court decided to increase the penalty for the failure to appear from one to two years and resentenced defendant to a five-year NERA term on the robbery count. It decreased the sentence on the theft by deception count to a concurrent three-year NERA term. This appeal followed.

Defendant raises the following points:

> POINT I
> THE NO SHOW PROVISION WAS NEVER INCORPORATED INTO [DEFENDANT'S] PLEA AGREEMENT BY THE STATE AND IS THEREFORE INVALID.
>
> POINT II[2]
> IMPOSING AN ADDITIONAL YEAR OF INCARCERATION AFTER [DEFENDANT] VINDICATED HIS RIGHT TO APPEAL IS A FLAGRANT VIOLATION OF HIS DUE PROCESS AND DOUBLE JEOPARDY RIGHTS (Not Raised Below).

---

[2] As we discuss infra, the State does not oppose a remand on the issue of the additional fifth year.

Generally, we review a criminal sentence for abuse of discretion. State v. Jones, 232 N.J. 308, 318 (2018). Our role in reviewing a sentence is to determine:

> (1) whether the exercise of discretion by the sentencing court was based upon findings of fact grounded in competent, reasonably credible evidence; (2) whether the sentencing court applied the correct legal principles in exercising its discretion; and (3) whether the application of the facts to the law was such a clear error of judgment that it shocks the [judicial] conscience.
>
> [State v. Megargel, 143 N.J. 484, 493 (1996) (citing State v. Roth, 95 N.J. 334, 363-65 (1984)).]

"We may exercise our original jurisdiction to impose a new sentence where no further factfinding is required . . . ." State v. L.V., 410 N.J. Super. 90, 109 (App. Div. 2009) (citing State v. Kromphold, 162 N.J. 345, 355 (2000)); see also R. 2:10-3.

### A.

The trial court unilaterally imposed a no show/no recommendation condition that was neither part of the plea agreement nor requested by the State. At sentencing, the State did not request imposition of an increased sentence.

"The [c]ourt found that imposing a [four]-year term of incarceration on the robbery charge was significant, but not shocking, because defendant pled guilty to a second[-]degree crime, but was sentenced in the third[-]degree

9

range." The court determined it appropriate to increase the sentence by one year, thereby keeping the sentence in the third-degree range. It imposed concurrent four-year NERA terms on the robbery and theft by deception counts. The trial court deviated from the recommended sentence solely because defendant failed to appear for sentencing.

Defendant's first appeal was heard on a sentencing calendar pursuant to Rule 2:9-11. There, we remanded for reconsideration of defendant's sentence under the guidelines adopted in Shaw.

In Shaw, the defendants faced mandatory minimum terms of imprisonment for CDS offenses; each failed to appear for sentencing. Id. at 4-6. In each case, the written plea agreements contained a no show/no waiver of an otherwise mandatory minimum term. Id. at 3. The Court held "that when integrated under the State v. Vasquez, 129 N.J. 189 (1992), guidelines for valid law-enforcement purposes, a no-appearance/no waiver provision is valid and enforceable." Ibid. (footnote omitted).

The Court adopted the following guidelines:

> Not every violation of the waiver conditions by an accused defendant will result in automatic imposition of a mandatory sentence. The automatic imposition of enhanced punishment for a non-appearance without holding a hearing or considering an explanation would be unwarranted. The court must provide a fair hearing

10

to determine whether the violation of the terms of the arrangement warrants its revocation. The process is deliberative, not perfunctory. The court will consider the explanation for the non-appearance in the context of all the circumstances . . . . The court will then determine whether in the circumstances the breach is material to the plea and therefore warrants revocation of the prosecutor's waiver of mandatory sentence.

[Id. at 16-17 (citation and footnote omitted).]

Here, the plea agreement did not include a no show/no recommendation condition. The State did not seek or urge the court to impose a no show/no recommendation condition. Rather, the court unilaterally imposed the condition (albeit without any objection by the parties) when it granted defendant's request for a delay in sentencing.

When he finally appeared for sentencing following execution of the bench warrant, defendant did not move to withdraw his plea and does not seek that relief on appeal. Instead, he asked the court to proceed with sentencing and requested that he be sentenced in accordance with the plea agreement. He seeks the same relief from this court.

A "sentence based upon a factor which is unrelated to the sentencing criteria set forth in the Code of Criminal Justice" is improper. State v. Wilson, 206 N.J. Super. 182, 184 (App. Div. 1985) (citing N.J.S.A. 2C:1-1 to 2C:104-9). "Nowhere in the code is it suggested that defendant's appearance for

11

sentence is one of those criteria." Ibid. (citing Roth; State v. Hodge, 95 N.J. 369 (1984)); but see State v. Subin, 222 N.J. Super. 227, 237-40 (App. Div. 1988) (finding the defendant's failure to appear for sentencing was relevant to the risk of reoffending and the need for deterrence).[3] Although the reasons for defendant's failure to appear for sentencing may be considered, those reasons "must, however, be relevant to identified sentencing guidelines." Wilson, 206 N.J. Super. at 184. A "sentence based entirely upon nonappearance is an illegal sentence." Ibid.

"The trial court must always sentence in accordance with the applicable sentencing provisions of the Code." Subin, 222 N.J. Super. at 239. Here, the court expressed its personal position that failure to appear for sentencing warranted an enhanced sentence. "A sentencing judge's personal views . . . cannot substitute for the Code's carefully delineated sentencing scheme in this regard." State v. Ikerd, 369 N.J. Super. 610, 621 (App. Div. 2004). Considering

---

[3] The facts in Subin are distinguishable. In Subin, the plea agreement contained a condition that if defendant failed to appear for sentencing or was arrested for a new offense his aggregate sentence would be increased from seven to ten years. Id. at 229. We held "that the plea agreement was valid and enforceable and that the sentence imposed in accordance therewith was legal." Id. at 237. Here, defendant's plea agreement did not contain a no show/no recommendation condition, much less a specified alternate increased sentence if he failed to appear for sentencing. Notably, defendant was not charged with bail jumping or committing a new offense while a fugitive.

A-4821-18T1

the circumstances developed at the <u>Shaw</u> hearing, coupled with the absence of any new charges against defendant while a fugitive, we conclude that substantially increasing defendant's recommended sentence solely because of his failure to appear, by enforcing a unilaterally imposed no show/no recommendation, was an abuse of discretion. Adding an additional year of prison subject to NERA for the failure to appear is not supported by the record or the plea agreement, even with defendant's criminal history.

While the sentencing court was free to impose a sentence different from the negotiated one, a decision to deviate from the negotiated term had to be supported by facts and circumstances related to the underlying crimes and the statutory aggravating and mitigating factors, not to defendant's failure to appear. The sentencing court's finding that the negotiated term was reasonable and in the interest of justice conflicts with its decision to impose a harsher term. The court did not deal separately with punishment for the underlying crimes and defendant's arrest for failure to appear. Instead, the court conjoined them and punished defendant by increasing the negotiated term. The court would have had the authority to do so if the plea agreement had been amended, but that did not occur here. We appreciate the court's understandable desire to assure defendant's appearance, especially after the court had generously granted him

A-4821-18T1

multiple postponements. But the manner in which the "no show/no recommendation" condition was imposed and enforced here was procedurally flawed.

We reverse the robbery sentence and remand. On remand, the trial court shall issue an amended judgment on Indictment No. 15-12-2996, reducing defendant's prison term on the robbery count to a three-year NERA term.

B.

For sake of completeness, we also address the one-year longer NERA term the court imposed on the robbery count. For the following reasons we hold that the increased sentence was illegal and unconstitutional.

A court may not impose a "substantially harsher sentence" on remand if the increased sentence is not required by law or is not supported by "any evidence of intervening conduct or prior oversight to justify the new sentence." State v. Heisler, 192 N.J. Super. 586, 592-93 (App. Div. 1984); see also State v. Pindale, 279 N.J. Super. 123, 128-30 (App. Div. 1995) (holding trial courts, resentencing a defendant following remand, must overcome a "presumption of vindictiveness" when imposing a greater sentence than ordered before by pointing to "specific reasons justifying the increase"). To hold otherwise would

effectively penalize a defendant for exercising his constitutional right to challenge his sentence. Heisler, 192 N.J. Super. at 593.

Defendant's failure to appear for sentencing obviously occurred before he was sentenced. Moreover, the trial court had already imposed a longer sentence than the plea agreement recommended due to defendant's failure to appear for sentencing. There is no evidence of any intervening conduct or prior judicial oversight to justify the longer sentence imposed by the remand court. To be sure, a five-year NERA term is substantially harsher than a four-year NERA term. To that extent, the remand court erred by imposing the increased sentence on the robbery count. We note the State on appeal recognizes this is problematic and does not oppose a remand concerning the imposition of the fifth year.

In addition, imposing a discretionary sentence on remand that increases the aggregate term of imprisonment violates the federal protection against double jeopardy. State v. Rodriguez, 97 N.J. 263, 275 (1984).

C.

The judgment of conviction on Indictment No. 16-03-0622 states that defendant's three-year prison term for the third-degree theft by deception is subject to eighty-five percent parole ineligibility and three years of mandatory parole supervision under NERA. This was error.

NERA only applies to enumerated first and second-degree crimes. N.J.S.A. 2C:43-7.2(a), (d). Where there are convictions for more than one offense, the judgments should indicate that the eight-five percent parole ineligibility and mandatory parole supervision applies only to NERA-qualified offenses. Cannel, N.J. Criminal Code Annotated, cmt. 4 on N.J.S.A. 2C:43-7.2 (2019) (citing State v. Cheung, 328 N.J. Super. 368, 371 (App. Div. 2000)).

The NERA parole ineligibility and mandatory parole supervision requirements do not apply to defendant's conviction for third-degree theft by deception. N.J.S.A. 2C:43-7.2(a), (d). To that extent, that aspect of the sentence is illegal because it exceeded the penalties authorized by statute. State v. Schubert, 212 N.J. 295, 308 (2012). An illegal sentence may be corrected at any time. State v. Tavares, 286 N.J. Super. 610, 619 (App. Div. 1996). Although the parties did not raise this issue, "a reviewing court is not free to ignore an illegal sentence," State v. Moore, 377 N.J. Super. 445, 450 (App. Div. 2005), and should correct it, Tavares, 286 N.J. Super. at 619. On remand, the trial court shall enter an amended judgment of conviction eliminating the NERA parole ineligibility and mandatory parole supervision conditions of the theft by deception sentence.

16

In sum, although we recognize the importance of assuring a defendant's promised appearance in court, and the absence of objection voiced by defendant to the unwritten "no show/no recommendation" condition, the enhanced punishment imposed here does not comport with <u>Shaw</u> and related precedent. We are also mindful of the detailed justification the trial court expressed in the judgment of conviction; nevertheless the sentence cannot stand because of the procedural flaws we have discussed.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION